# TARVER vs. THE STATE.

[INDICTMENT FOR ASSAULT WITH INTENT TO MURDER.]

1. *Assault with intent to murder, indictment for; what State, for purpose of showing malice, may prove on trial of.*—On the trial of a party, for an assault with the intent to murder, the State, for the purpose of showing malice, may prove the fact of a previous difficulty between the accused and the party charged to have been assaulted ; but the circumstances of said previous difficulty should not be proved by the State.

2. *Assault with pistol; what necessary to constitute.*—To constitute an assault with a pistol, it is necessary that the pistol should be presented at the person charged to have been assaulted, within the distance to which the pistol may do execution.

3. *Same; proper charge to jury in such case, what is.*—In such a case, a charge, that "if the jury believe, from the evidence, that the accused did not present his pistol at the party charged to have been assaulted, they must find him not guilty," is a proper charge, and if refused when asked, it will be an error, for which the judgment will be reversed.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. J. McCALEB WILEY.

At the spring term of the circuit court of Barbour county, in the year 1869, the appellant was indicted and convicted of an assault with intent to murder one William Russell, and fined four hundred and fifty dollars.

It appeared, in evidence on the trial, that the assault charged, if committed at all, was for presenting and attempting to shoot said Russell with a pistol, in the town of Clayton, in said county, in the fall of 1867.

The evidence was conflicting, whether the pistol was, or not, in fact, presented.

The said Russell was the only witness who stated that the pistol was presented.

Other witnesses, who were present, and said they saw the whole difficulty, stated that the pistol was not presented. The whole evidence, taken together, seemed to leave this matter in doubt.

The State offered to prove, by said Russell, the circum-

stances of a previous difficulty which had taken place be-
tween the accused and said witness, about a month before
the alleged assault, for which he was on trial, for the pur-
pose, as was stated, of proving express malice.   The ac-
cused did not object to the proving of the fact that a
former difficulty had taken place, or that an old grudge
existed between the witness and himself, or that threats
had been made by him, against said witness ; but he ob-
jected to the admission of proof, of the *circumstances* of
the said former difficulty.

The court overruled his objection.   The witness was ex-
amined as to the circumstances of said former difficulty,
and the accused excepted.

After the evidence was closed, the accused asked the
court to charge the jury, that if they believed from the
evidence, that the accused did not, at any time, present his
pistol at said William M. Russell, then they must acquit
him, which charge the court refused to give, and the accused
excepted.   Other charges were asked and refused, and
charges were given to the jury by the court, and excepted
to, that are not necessary to be here stated.

The ruling of the court on the trial, and the charges
given and refused, are here assigned for errors.

PUGH & BAKER, for appellant.
F. M. WOOD, *contra.*

[No briefs came into the hands of the reporter.]

PECK, C. J., (after stating facts as above.)—1. It was
competent for the State to prove the fact of the previous
difficulty, although not necessary, for the purposes stated
in this case ; that is, to prove malice on the part of the
accused, as and old grudge and threats were admitted by
him.   But the State should not have been permitted to
prove the circumstances of the former difficulty.

The circumstances of said former difficulty consisted not
only of what was said and done by the accused, but also
of what was said and done, on the occasion, by the witness.

What the witness said and did, should not be permitted
to injure the accused on this trial.

It might, and probably would, have misled and prejudiced the jury against the accused. For these reasons, this evidence should not have been permitted to go to the jury. The court should have excluded it from them.

2. An assault is any attempt or offer, with force or violence, to do a corporal hurt to another, whether from malice or wantonness, with such circumstances as denote, at the time, an intention to do it, coupled with a present ability to carry such intention into effect.

To constitute an assault with a gun or pistol, it is necessary that the gun or pistol should *be presented* at the party charged to be assaulted, within the distance to which the gun or pistol may do execution.

Roscoe on Criminal Evidence, top page 286, says: There must be an *actual presenting* of the gun or pistol, to make out the assault.

Therefore, in this case, if there was, in fact, no actual presenting of the pistol at the witness, there was, legally, no assault, no offense, and, consequently, should be no conviction.

The charge asked should have been given by the court, and in refusing to give it, the court fell into an error.

The court also erred in admitting evidence of the circumstances of the previous difficulty, and in refusing to charge the jury, that if they believed, from the evidence, that the accused did not present the pistol at the said William M. Russell, they should acquit him. Let the judgment of the court below be reversed, and the cause remanded for a new trial.