[No. 10,273.]

# THE PEOPLE *v.* JUAN VIERRA.

ASSAULT WITH DEADLY WEAPON.—An averment in an indictment that the defendant was armed with a deadly weapon and made an assault, is not an averment that the assault was made with a deadly weapon, and will not support a judgment as for a felonious assault.

APPEAL from the County Court, County of San Luis Obispo.

The indictment charged that "the said Juan Vierra, on the 26th day of February, 1877, at," etc., "did then and there, being armed with one certain pocket-knife, the same being a deadly weapon, strike, cut, wound, and bruise feloniously, willfully, and of his malice aforethought, one Antonio Garcia de la Rosa. And the said Juan Vierra, then and there being armed, as aforesaid, did assault, as aforesaid, the said Antonio Garcia de la Rosa, to do great bodily injury, contrary," etc., etc.

The jury found the defendant guilty, as charged in the indictment. The Court rendered judgment that the defendant had been convicted of the crime of assault with a deadly weapon, and that he be punished by imprisonment in the State Prison for the term of one year. The defendant moved that the judgment be arrested, and the Court denied the motion. He then appealed from the judgment.

*W. J. Graves,* for the Appellant.

This indictment is not sufficient to sustain a conviction for the offense attempted to be charged. An averment that the defendant was armed with a deadly weapon and made an assault, is no statement of the fact that the assault was with the weapon. He may have been thus armed and yet have committed a simple assault, or an assault with some other instrument not deadly in its character. The indictment should have stated directly and certainly that the assault was with the weapon; that is, that the weapon was used by the defendant as an instrumentality of the assault. (Penal Code, secs. 245 and 952; *People* v. *Venard,* 6 Cal. 562; *People* v. *Jacobs,* 29 Cal. 579; *People* v. *Cougleton,* 44 Cal. 93.)

*Jo Hamilton*, Attorney-General, for the People.

By the COURT:

The indictment, at the most, charged a simple battery, and its allegations will not support a judgment, as for a felonious assault.

Judgment reversed, and cause remanded.   Remittitur forthwith.

CROCKETT, J., dissenting:

I dissent, on the ground that, in my opinion, the indictment sufficiently charges an assault with a deadly weapon.