No. 9778.

## DYER v. THE BOARD OF COMMISSIONERS OF STEUBEN COUNTY ET AL.

COSTS.—*Highway.*—*Appeal.*—A remonstrant against the establishment of a highway, on appeal from the board of county commissioners, obtained a dismissal of the proceedings for want of jurisdiction.

*Held,* that he was entitled to judgment against the petitioner for costs accrued in the circuit court on appeal, as well as before the board.

From the Steuben Circuit Court.

*A. A. Chapin* and *R. P. Barr,* for appellant.

ELLIOTT, J.—The appellee Baker petitioned for the laying out and opening of a highway through the counties of Steuben and Lagrange. His petition was first presented to the commissioners of Steuben county; viewers were appointed and a report made favorable to the petitioner; this report was after-

wards, filed in the commissioners' court of Lagrange county, and was rejected by that court. The appellant appeared as a remonstrant before the board of Steuben county, and N. B. Dryer appeared in the same character before the commissioners of Lagrange county. An appeal was taken from the decision of the board of the former county, and in the circuit court a motion was made by Dyer, the appellant, to dismiss the petition and proceedings. We copy so much of the record as shows the motion, which reads thus: "Come now the parties by their attorneys, and the remonstrant enters his motion to dismiss the petition and proceedings for want of jurisdiction of this court, and now all parties agree that under this motion any matter may be considered, and the rule of law applied which would govern in case a plea in abatement had been filed and was supported by evidence." Under this motion, which the bill of exceptions sets out at length, evidence was introduced, and the court, as the record recites, "sustained said motion *ab initio;*" whereupon the remonstrant moved the court for a judgment for costs "against the petitioners." The appellant afterwards, on a day subsequent to the ruling on his motion to dismiss, filed a written motion to tax all costs against the petitioner. This motion the court overruled, but made an order that all costs which had accrued since the appeal from the commissioners should be taxed against the remonstrant, Virgil Dyer, and that all the other costs should be taxed against the petitioner.

We have no brief from the appellees, and our unaided investigation has not enabled us to discover any ground upon which the ruling of the court can be sustained. The appellant had a right, as the court decided and as the evidence shows, to have the proceedings dismissed, and ought not to be compelled to pay the costs of the proceeding which it was necessary for him to take in order to vindicate his right. He obtained a judgment dismissing the petition, and there is no reason why this judgment should not carry costs in the circuit

court as well as in the court where the proceedings, which were erroneous from the beginning, were commenced.

Although the proceedings before the board were invalid, Dyer had a right to appeal; it is, indeed, doubtful whether he had any other remedy, for the general rule is that such proceedings can not be collaterally impeached. *Miller* v. *Porter*, 71 Ind. 521.

A party may appeal from a void judgment, and, if the proceedings before the commissioners were absolutely void, Dyer had a right to appeal and have the void judgment vacated, and can not be justly taxed with costs because he successfully exercised this right. *Shoultz* v. *McPheeters*, 79 Ind. 373, *vide* p. 379; *Shoemaker* v. *Board, etc.*, 36 Ind. 175; *Palmer* v. *Fuller*, 22 Ind. 115.

The judgment of the court taxing the costs in the circuit court against the appellant is reversed, at the costs of the appellees.