The State v. Beverlin.

---

## THE STATE OF KANSAS v. A. J. BEVERLIN.

ASSAULT AND BATTERY; *Sufficient Information.* An information that charges "that on the 29th day of May, A. D. 1882, one B., in the county of Chase and state of Kansas, then and there being, then and there with a deadly weapon, to wit, a pitchfork, did, with said deadly weapon, commit an assault and battery upon the person of M., with the unlawful and felonious intent then and there to kill, maim and wound the said M.," contains a sufficient statement of facts to sustain a conviction for assault and battery.

### *Appeal from Chase District Court.*

FROM a conviction for an assault and battery, at the May Term, 1883, of the district court, defendant *Beverlin* appeals. The opinion sufficiently states the facts.

*C. N. Sterry*, for appellant.

*S. P. Young*, county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: The information in this case charges "that on the 29th day of May, 1882, one A. J. Beverlin, in the county of Chase and state of Kansas, then and there being, then and there with a deadly weapon, to wit, a pitchfork, did,

with said deadly weapon, commit an assault and battery upon the person of John Maxwell, with the unlawful and felonious intent then and there to kill, maim and wound the said John Maxwell."

Upon the trial, the defendant moved to quash the information, which was sustained so far as the charge of felony was concerned; but the court held a misdemeanor was therein alleged. After the jury were impaneled to try the case, he objected to the introduction of any evidence, upon the ground that the information did not state sufficient facts to constitute any public offense. The court overruled the objection, and the defendant was convicted of assault and battery. After the verdict was returned, he filed a motion for a new trial, which being overruled, he interposed a motion in arrest of judgment, which was also overruled. The objection to the information is that the acts constituting the offense attempted to be charged are not stated sufficiently therein; in other words, that a mere conclusion of law is set forth, and not a statement of the facts constituting any offense.

As a general rule, the indictment or information must contain a specific description of the offense charged, and it is not enough to state a mere conclusion of law: thus, it would be insufficient to charge the defendant with "stealing" or "murdering." (Wharton's Crim. Pl. and Pr., § 154.) The object of this general rule, supported by the constitution and statute, is that the defendant may be fairly informed of the nature and cause of the offense charged against him, and that the court, by an inspection of the record alone, may determine. whether, admitting the truth of the charge, a thing has been done which is forbidden by law.

Notwithstanding this general rule, there are exceptions, as it is not requisite to charge in the information anything more than is necessary to clearly and adequately express the offense. It is sufficient to frame the information in the words of the statute, or in words of like meaning, in all cases where the statute so far individuates the offense, that the offender has proper notice from the mere adoption of the statutory

terms, or of terms equivalent thereto, what the offense he is to be tried for really is. (Wharton's Crim. Pl. and Pr., § 220.)

Section 43 of the crimes act reads:

"Any person who shall assault, or beat, or wound another under such circumstances as not to constitute any other offense herein defined, shall upon conviction thereof be fined in a sum not exceeding five hundred dollars, or by imprisonment not exceeding one year."

Now if the defendant had been charged with an assault and battery upon Maxwell with a pitchfork, in the words of the statute the information would be certainly sufficient. (*The State v. Foster*, ante, p. 365.) It has already been decided that the facts constituting the offense need not be stated in minute detail, but in general terms only. (*The State v. Finley*, 6 Kas. 366.) Again, it has been decided that the words used in the statute to define a public offense need not be strictly pursued, but other words conveying the same meaning may be used. (Cr. Code, § 108; *The State v. Barnett*, 3 Kas. 250; *The State v. White*, 14 id. 540.) Therefore we think the information sufficient to sustain the conviction, for while the words of the statute are not used, other words equivalent thereto are employed, and the defendant could not have been misled as to the charge he had to answer, nor could the court have been in doubt as to the judgment to be pronounced. The words "assault and battery" as used in the information, convey the same meaning as assault and beat. We have examined *The State v. Murry*, 41 Iowa, 580, and the other authorities cited by the defendant's counsel, and anything contained therein contrary to the conclusion stated is not satisfactory to us.

The judgment of the district court must be affirmed.

All the Justices concurring.