[No. 20447. In Bank. — October 27, 1888.]

THE PEOPLE, RESPONDENT, *v.* X. DODEL, APPELLANT.

CRIMINAL LAW — ASSAULT — ASSAULT WITH DEADLY WEAPON — INTENT, ABILITY, AND ATTEMPT TO STRIKE. — To warrant a conviction for an assault, the defendant must have had the intent to strike, the ability to do so, and must have made the attempt to strike. And where the assault is charged to have been committed with a deadly weapon, there must have been an attempt to strike with or use the deadly weapon.

ID. — INSTRUCTIONS. — In a prosecution for an assault with a deadly weapon, the refusal of the court to instruct the jury in accordance with the above stated rule is error; and such error is not cured by an instruction that "included in this charge, i. e., assault with a deadly weapon, is also that of assault, which is an unlawful attempt to commit a violent injury on the person of another. In an assault, which is commonly called a simple assault, if there is no present purpose and no present ability to do an injury, there would be no assault."

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Davis Louderback,* for Appellant.

*Attorney-General Johnson,* for Respondent.

BELCHER, C. C. — The defendant was convicted of the crime of an assault with a deadly weapon, and has appealed from the judgment and an order denying him a new trial. The assault was charged to have been committed by defendant with a knife, which he held in his hand, upon the person of one Borgwardt.

It appears from the evidence that defendant went into a saloon kept in the basement of a building in the city of San Francisco, where Borgwardt was employed to assist the bar-keeper. After some words, defendant drew a knife from his hip-pocket, but whether he did this while standing backed up against a post in the center of the room, or while he was going up the stairs leading out of the saloon, does not clearly appear. But the testimony

all shows that after the knife was drawn defendant was not at any time near enough to Borgwardt to strike him with it, and that he moved away from Borgwardt, and not toward him; and the testimony fails to show directly that defendant made any attempt to strike with or use his knife.

Counsel for defendant presented twelve instructions, and asked that they be given to the jury, but the court refused them all. Two of these instructions read as follows:—

"To constitute an assault, the defendant must have the intent to strike, the ability to do so, and must have made the attempt to strike."

"And where, as in this case, the assault is charged to have been committed with a deadly weapon, there must have been an attempt to strike with or to use the deadly weapon."

These instructions stated obviously correct rules of law, and the charge of the court, given at its own instance, did not embrace them in substance or effect. In our opinion they should have been given, and the court clearly erred in refusing to give them.

In justification of the refusal, the attorney-general cites from the charge of the court the following clause: "Included in this charge is also that of assault, which is an unlawful attempt coupled with the present ability to commit a violent injury on the person of another. In an assault, which is commonly called a simple assault, if there is no present purpose and no present ability to do an injury, there would be no assault."

But this, instead of curing the error committed by the refusal, seems rather to have aggravated the wrong done by it to the defendant, for it in effect told the jury that in case of a simple assault there must be present purpose and present ability to do an injury, in order to constitute the offense, leaving them to infer that the rule did not apply to an assault with a deadly weapon.

It is very doubtful whether some of the other instructions refused were covered by the charge; but, without passing upon the other points presented, we advise that for the error above noted the judgment and order be reversed, and the cause remanded for a new trial.

HAYNE, C., concurred.

FOOTE, C., concurred in the conclusion reached.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause remanded for a new trial.