[No. 3547.]

McNamara v. The People of The State of Colorado.

24  61
25  265
24  61
33  141

1. Indictment for Assault With Intent to Rob.

An indictment for assault with intent to rob which alleges, as to the assault, that the defendant "did make an assault," without stating all of the particulars comprehended by the statutory definition of that term is sufficient.

2. Assault With Intent to Rob—Evidence.

The crime of assault with intent to rob may be committed by intimidation as well as by actual force, and the intimidation may be as effectually accomplished by apparent as by actual ability to inflict the injury; hence proof of actual ability to inflict the injury in the manner threatened is not necessarily essential. Such an assault may be made by aiming a gun at another within shooting distance and in a manner indicating that it is loaded, notwithstanding it was not in fact charged.

3. Alibi.

An *alibi* is not an independent defense. The burden of proof is not upon the defendant to establish it. If the testimony touching an *alibi* be sufficient to raise a reasonable doubt as to the presence of the defendant at the commission of the crime, he is entitled to an acquittal, and the jury should be so instructed.

*Error to the District Court of El Paso County.*

THE defendant was convicted upon a charge of assault with intent to rob, and sentenced to confinement in the penitentiary for the term of two years and six months. The indictment charges that the defendant, at a certain place and upon a certain date, "being then and there armed with a certain deadly weapon, to wit, a rifle gun, then and there loaded with powder and ball, * * * in and upon one John Simmons * * * did feloniously make an assault, and him, the said John Simmons, then and there, in bodily fear and danger of his life, did feloniously put, with the intent then and there, feloniously, forcibly and violently, to rob, steal, take and carry away the personal goods of him, the said John Simmons, to wit, certain guns, pistols and ammunition, the

property of him, the said John Simmons, and for which the said D. M. McNamara was then and there seeking, and which the said D. M. McNamara then and there expected to find, carried and concealed in a certain vehicle, commonly called a 'stage,' which the said John Simmons was then and there driving, and of which the said John Simmons was then and there in possession; * * * and did then and there, feloniously and by force, thrust his hand and body into said stage and demand such guns, pistols and ammunition, * * * feloniously and by force, to rob, steal, take and carry away."

A motion to quash because the indictment did not state facts sufficient to constitute an indictable or punishable offense was overruled. *Inter alia*, the defendant requested the following instructions, which were refused:

"*Seventh:* If the testimony has not shown beyond a reasonable doubt that the gun or rifle held and presented by the person who held up the stage being driven by Simmons was loaded with powder and lead, then it is your duty to return a verdict of not guilty under the indictment."

"*Ninth:* As to the defense of *alibi*, the court instructs the jury that the testimony must show, beyond any reasonable doubt, that the defendant was present and committed the act charged against him, and unless the testimony so shows, you must acquit. When a defendant sets up the defense of *alibi*, even though a preponderance of the evidence might show that he was present, yet that is not enough, unless it convinces you, beyond a reasonable doubt, that he was."

And upon these matters the court instructed the jury as follows:

"*Tenth:* * * * The court instructs you that although no testimony has been introduced showing that the rifle gun described in the indictment was loaded, still if you believe from the evidence, beyond a reasonable doubt, that such weapon was used by the defendant, and pointed at the witness Simmons, within shooting distance, and in manner charged in the indictment, the law will presume that the same was loaded, and proof of such allegation is not necessary."

"*Fourteenth :* One of the defenses in this case is what is known in law as an '*alibi*,' that is, that the defendant was at another place at the time of the crime charged in the indictment is alleged to have been committed; and the court instructs you that, to render the proof of an *alibi* satisfactory, the evidence must cover the whole time of the transaction in question.

"*Fifteenth :* If the jury believe from the evidence in this case *that an alibi has been established* hereby or on behalf of the defendant, then the jury should find him not guilty; that is to say, if the jury should believe from the evidence, that at the time when the prosecuting witness alleges that the robbery was committed, at the place alleged in the indictment, *that the defendant was at such time in Altman or elsewhere than at the place where the robbery is alleged to have been committed,* then you should find the defendant not guilty.

"*Sixteenth :* The court instructs the jury, as a matter of law, that where the people make out such a case as would sustain the verdict of guilty, and the defendant offers evidence, *the burden is on him to make out his defense, as to an alibi,* and when the proof is in, then the primary question is (the whole evidence being considered, both that given for the defendant and for the people), is the defendant guilty beyond a reasonable doubt? The law being that when the jury have considered all the evidence, as well that touching the question of the *alibi*, as the criminating evidence introduced by the prosecution, then if they have any reasonable doubt of the guilt of the accused, of the offense of which he stands charged, then they should acquit, otherwise not."

Messrs. Cunningham & Vanatta, Mr. T. M. Patterson and Mr. Horace N. Hawkins, for plaintiff in error.

The Attorney General and Mr. G. H. Thorne, of counsel, for the People.

Mr. Justice Goddard delivered the opinion of the court.

Among the errors assigned, those that we regard as impor tant, present the following questions :

*First :* The sufficiency of the indictment.

*Second :* Did the court err in refusing to charge, as re quested by the defendant, upon the subject of necessary proofs to constitute an assault, under our statute ; and in instructing the jury that where a gun is presented at another, within shooting distance, the law conclusively presumes that it is loaded ?

*Third :* Did the court err in declining to charge, as re quested by defendant, upon the subject of *alibi*, and in giv ing the instructions which were given upon this subject ?

In support of the proposition that the indictment is defec tive in failing to set forth the facts showing that an assault, as defined in our statute, was committed, it is insisted that in order to charge an assault as thus defined, it is necessary to state facts which show an unlawful attempt to commit a violent injury, and also present ability to carry such attempt into execution, or to set out that part of the charge in the language of the statute ; and that such particularity is espe cially essential in charging an assault, as the foundation for an allegation of an intent to commit a higher crime. This rule prevails in Indiana, under a statute like ours. *Adell v. State*, 34 Ind. 543.

But in Illinois, the state from which our statute was taken, the common law form of an indictment for an assault, with felonious intent, has been adjudged sufficient : *Beckwith v. People*, 26 Ill. 500 ; *Allen v. People*, 82 Ill. 610 ; *Kennedy v. People*, 122 Ill. 649 ; *Hamilton v. People*, 113 Ill. 34 ; and also in Texas, under a similar statute : *State v. Hays*, 41 Texas, 526. Mr. Bishop, in discussing this question in his work on Statutory Crimes, section 514, says :

" This Indiana doctrine, as to the allegation, would seem just in a state into whose jurisprudence the common law did not enter as an element. But the common law has made it

a sufficient allegation of the act in this offense, that, as to the assault, the defendant ' did make an assault ' on a person named. * * * This form of the allegation, dispensing with the particulars, and not following the definition, the common law has, to repeat, made adequate. And there is in principle no different or greater reason why the allegation should be required to pursue the terms of this statutory definition, where the offense is under it, than the terms of the common law definition where the offense is at common law. To say that the defendant ' did make an assault ' would mean, that he did what the law deems to be such ; and, even under the common law, the allegation would differ in its meaning in our different states according to the varying opinions of the tribunals. In Indiana it would signify an assault as defined by the statute under the interpretation of the courts. And this kind of doctrine pervades our American procedure."

Section 741 Gen. Stat. 1883 reads : "An assault with intent to commit * * * robbery * * * shall subject the offender to confinement in the penitentiary," etc. Mills' Ann. Stat., sec. 1215.

Section 945 Gen. Stat. 1883 (sec. 1432 Mills' Ann. Stat.) provides that:

" Every indictment * * * shall be deemed sufficiently technical and correct which states the offense * * * so plainly that the nature of the offense may be easily understood by the jury."

The indictment in this case meets this requirement, and the motion to quash was properly overruled. Upon the second proposition the authorities are in irreconcilible conflict, some of the courts holding that proof of an actual present ability to inflict the threatened injury is essential to sustain the allegation of an assault; and when the assault consists of aiming a gun at another, within such distance that it would be dangerous if loaded and discharged, it devolves upon the prosecution to show that it was loaded. *State v. Sears*, 86 Mo. 169 ; *People v. Lilley*, 43 Mich. 521 ; *Chapman v. State*, 78 Ala. 463 ; *State v. Godfrey*, 17 Ore. 300 ; *Fast-*

*binder v. State*, 42 Ohio St. 341; *State v. Napper*, 6 Nev.
113; *Klein v. State*, 36 N. E. Rep. 763; *McConnel v. State*,
25 Texas App. 329; *People v. Dodel*, 77 Cal. 293.

While it is held in other jurisdictions that the offense is
complete when it is shown that a weapon of this character
is used in a manner to indicate that it was loaded, and for
the purpose that a loaded gun is ordinarily used, and if the
fact be that it was not loaded, it devolves upon the defend-
ant to show it. *State v. Rawles*, 65 N. C. 334; *State v. Ship-
man*, 81 N. C. 513; *Cowley v. State*, 10 Lea (Tenn.), 282;
*Mortin v. Shoppe*, 3 Carr. & P. 373; *Tarver v. State*, 43 Ala.
354; *Smith v. State*, 32 Texas, 593; *Crow v. State*, 41 Texas,
468; *Keefe v. State*, 19 Ark. 190; *Beach v. Hancock*, 27 N.
H. 223; *Richels v. State*, 1 Sneed, 606; *State v. Herron*, 12
Mont. 230.

In the latter case the court, in a very able opinion, reviews
the cases upon this subject, and concludes:

"Although there is a division of views in the decided
cases, we think that the better opinion is that, if a firearm is
the alleged deadly weapon—a weapon the only ordinary use
of which is by its being loaded—if it be pointed at the com-
plainant in a threatening manner, if defendant make threats
to shoot, if the circumstances are such as would exist if one
were using a loaded gun—in short, that if all the elements
of the offense be made out, as required by the criminal laws
and procedure, except the direct, we may say visual, proof
that the weapon is loaded—under these circumstances a direc-
tion to the jury to acquit is error; and the fact that the gun
was unloaded (if such be the fact) is a matter of defense.
Such view seems to be held by the weight of authority, and
such is the only practical view in the enforcement of the
statute in reference to assaults with deadly weapons of this
character."

This diversity of opinion has arisen in cases wherein the
alleged assault was made towards the perpetration of an
offense that could not possibly be consummated unless the
firearm was loaded, such as murder or bodily injury; and we

find no case wherein the facts essential to support the allegation of an assault, with intent to commit robbery or a like crime, is discussed or determined; this being an offense that may be committed by intimidation, as well as by actual force. The intimidation of a person may be just as effectually accomplished by an apparent, as well as an actual, ability to inflict the menaced injury; and therefore the reason of the rule adopted in the cases holding proof of actual ability necessary is not applicable to a case of this character. Judge Somerville, who delivered the opinion in the case of *Chapman v. State*, *supra*, which was a case of an assault and battery upon the person, so intimates. He says:

"It may be that, if the indictment had been for robbery, the facts in evidence would have sustained the allegation of an assault, which, in cases of that nature, is often merely constructive; for every attempt at robbery, or to commit rape, or to do other like personal injury, involves within it the idea of an assault, either actual or constructive."

We think, therefore, that the instruction given by the court correctly announced the law applicable to this case. A more serious question is presented by the assignments based upon the refusal of the court to give the instruction requested by defendant, and in giving those complained of upon the subject of alibi. The court evidently misapprehended the nature of this defense; and instead of treating it as a traverse of a fact that it was incumbent upon the prosecution to establish, to wit, the presence of defendant at the time and place of the occurrence, regarded it as an affirmative and independant defense, that the law imposed the burden of proving upon the accused. The jury were told that if they believed from the evidence that "an alibi has been *established by or on behalf of defendant*, and that at the time when the prosecuting witness alleges that the robbery was committed at the place alleged in the indictment, *that the defendant at such time was in Altman or elsewhere than at such place*, they should find him not guilty.

This was clearly erroneous. In order to avail himself of

the defense of alibi, it is not incumbent upon the accused to establish that he was not present at the commission of the crime, or that he was in some other place. If the evidence is sufficient to raise a reasonable doubt in the minds of the jury as to whether he was or was not present at the commission of the crime, he is entitled to an acquittal. As was said by this court in *Kent v. People*, 8 Colo. 563:

"It may therefore be laid down as the established doctrine of this state that as to all facts in evidence properly constituting part of the *res gestæ*, they are to be considered by the jury in passing upon the question of guilt or innocence, without discrimination as to rules of evidence, whether introduced by the prosecutor or the defendant. * * * The rule relating to the *res gestæ*, which we have been considering, applies to all defenses which traverse the averments of the indictment and go to the essence of the guilt charged against the accused. Within this class may be mentioned * * * all matters growing out of the *res gestæ* which go to justify, extenuate or excuse the crime charged, including the defense of alibi. Some authorities hold an alibi to be an independent defense, not coming within the rule mentioned, but the weight of authority is against this view. The later authorities hold it to be an essential averment of the indictment that the accused was present and committed or participated in the commission of the offense; hence this averment must be established by the prosecution beyond a reasonable doubt, and if the proof leaves it doubtful in the minds of the jury whether the defendant was present at, or absent from the place at the time the crime was committed, he must be acquitted."

In the sixteenth instruction the jury are expressly told *that the burden is on the defendant to make out his defense as to an alibi*, thus emphasizing the incorrect rule stated in No. 15. We do not think that what follows cures this error.

In support of the doctrine announced in *Kent v. People, supra*, the court cites among other cases, *Howard v. State*,

50 Ind. 190. The instruction condemned in the latter case is very similar to the one before us, and was as follows :

"6. * * * And if the evidence satisfies your minds that the defendant was in fact in the city of Indianapolis at the time that the witnesses on behalf of the state testify that he was in the town of Noblesville and other points in the county of Hamilton, it will be your duty to acquit the defendant, and if that evidence, in connection with all the evidence given on the trial of this cause, leaves a reasonable doubt in your minds as to the presence of the defendant in the county of Hamilton on the day the horse and buggy are alleged to have been stolen, it will be your duty to acquit the defendant."

The court say :

"We hold that the sixth instruction, *supra*, on the subject of alibi, was erroneous in charging, that 'if the evidence satisfies your minds that the defendant was in fact in the city of Indianapolis at the time that the witnesses on behalf of the state testified that he was in the town of Noblesville and other points in the county of Hamilton, it will be your duty to acquit the defendant.'

"This instruction ought to have been, that if the evidence raises a reasonable doubt in your minds as to whether the defendant was at Indianapolis or at Noblesville when the larceny was committed, you ought to find the defendant not guilty. We do not think that anything that precedes or follows this error, in this or any other instruction given, cures it. An erroneous instruction to the jury, in a criminal case, cannot be corrected by another instruction which states the law accurately, unless the erroneous one be plainly withdrawn."

Among the many cases to the same effect are : *Turner v. Commonwealth*, 86 Pa. St. 54; *Walters v. State*, 39 Ohio St. 215; *State v. Josey*, 64 N. C. 56 ; *State v. Taylor*, 118 Mo. 153 ; *Walker v. State*, 42 Texas, 360; *State v. Waterman*, 1 Nev. 543; *Pollard v. State*, 53 Miss. 410; *Adams v. State*, 42

Ind. 373; *People v. Fong Ah Sing*, 64 Cal. 253; *Clare v. People*, 9 Colo. 122; *Ritchey v. People*, 23 Colo. 314.

In *State v. Taylor*, *supra*, the defense of alibi is discussed at length, and the decisions upon the subject carefully reviewed; and it is shown that the great weight of authority in this country is against the doctrine that an alibi must be established by the defendant; there being but two states,—Illinois and Iowa, and the territory of New Mexico, committed to that doctrine. As will be seen from the above quotation from *Kent v. People*, this court has aligned itself with the majority of the courts of this country upon this subject, and has repudiated the doctrine of the Illinois courts embodied in the instructions under consideration. That the giving of these instructions and refusing the ninth request of defendant, which we have seen correctly expresses the law applicable to this defense, was prejudicial to the rights of the defendant, is quite probable, when considered in connection with the facts in the case, which in brief are as follows:

During the existence of what is known as the Cripple Creek Strike, and on the morning of May 29, 1894, John Simmons, the principal witness for the prosecution, was driving a vehicle containing eight or nine passengers, from Cripple Creek to the terminus of the railroad; and at the point about two miles from Cripple Creek was approached by a man on horseback, with a rifle at his shoulder, who commanded him to halt. In compliance with this demand, Simmons stopped his team, whereupon the horseman rode up to the side of the hack and inquired several times of the occupants if there were any guns in there; and upon being answered by the persons addressed that they had no guns, he rode away. On the same morning, and at about the same place, another vehicle driven by Frank Sahrbeck, and in which Mrs. Jane Leonard was riding, was also stopped by a man on horseback, armed with a rifle. Of those who were at the time in the first vehicle, but two besides Simmons testified in the case. Upon the question of the identity of the defendant with the man on horseback, the testimony is con-

flicting. Simmons and one Mace, who claims to have witnessed the transaction at the stage, from a distance of one hundred and fifty yards, and Sahrbeck, identify the defendant as the man; while John Mallory and Frank Finnegan, two of the passengers in the stage, and Mrs. Leonard, testified that the defendant is not the person. The defendant introduced eight witnesses whose testimony tended to show that he was at the town of Altman at and during the time the offense is shown to have been committed.

In view of the fact that the evidence of the prosecution as to the presence of the defendant at the commission of the crime is in substantial conflict, it was of vital importance to him that the evidence introduced upon the defense of alibi should have been submitted to the jury under proper instructions. As we have seen, this was not done. The judgment and sentence, therefore, must be reversed, and the cause remanded for a new trial.

*Reversed.*