## STATE v. MEAD.

Where, during the examination of the jury as to qualifications, accused, who had stated he did not desire an attorney, interrogated jurors and peremptorily excused two, and the state's attorney stated to accused immediately before swearing of individual jurors, "It is your challenge," accused could not, on appeal, complain that he was not informed by the trial court that, if he intended to challenge an individual juror, he must do so when the juror appeared and before he was sworn.

While the statute provides that failure to demur does not waive the right to move in arrest of judgment on the ground that the information does not state facts sufficient to constitute a public offense yet, where there is a failure to demur, the court will not construe the information as strictly on the motion in arrest as on demurrer, though this rule will not permit the court to overlook the complete omission of any allegation of an essential ingredient of the offense.

An information charging that accused, being armed with a dangerous weapon, etc., did commit an assault on the person of, etc., was insufficient to charge an assault with a dangerous weapon, there being no averment that the weapon was used as an instrumentality of the assault, though it was sufficient to sustain a judgment for simple assault.

That the trial court entered a judgment and imposed a sentence for an offense greater than that charged in the information is an error to which the statute does not provide taking an exception, being one appearing on the face of the record, and hence no exception is necessary.

(Opinion filed May 16, 1911.)

Appeal from Circuit Court, Roberts County. Hon. FRANK McNULTY, Judge.

Mike Mead was convicted of an assault with a dangerous weapon, and appeals. Reversed and remanded, with directions to modify the judgment.

*Fuller & Fuller,* for appellant. *S. W. Clark, Atty. Gen.,* and *J. J. Batterton, State's Atty.,* for the State.

· WHITING, J.   In this case the state's attorney of Roberts county made and filed an information against the defendant charging that on the 25th day of April, 1910, in the county of Roberts, state of South Dakota, the said defendant, "being then and there armed with a dangerous· weapon, to-wit, a revolving pistol, then and there loaded with gunpowder and leaden bullets, and which was then and there held in the hands of him, the said Mike Mead, did then and there maliciously, feloniously, and with intent to do bodily harm, and without justifiable and excusable cause, then and there commit an assault upon the person of one Carl A. Schmidt, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of South Dakota." No demurrer having been interposed, the defendant was arraigned and pleaded not guilty.  The trial resulted in a verdict of guilty as charged in the information.  Thereafter, and before judgment, the defendant moved the court in arrest of judgment upon the following grounds:  "(1) That the information does not state facts sufficient to constitute a public offense, in that said information fails to state the facts sufficient to constitute the offense of assault, and states merely as a conclusion of law that an assault was committed, and for the reason that said information fails to state the acts of defendant with a revolving pistol or other dangerous weapon constituting an assault with such dangerous weapon, and for the further reason that said information fails to state any offer or attempt by the defendant with such revolving pistol or otherwise to do corporal hurt to another.  (2) That the court has no jurisdiction of the subject-matter of said information for the reason that the information sets forth, if anything, the charge of assault, which offense is triable exclusively within the jurisdiction of the justice of the peace."  This motion was overruled by the court, and thereafter the defendant was sentenced to imprisonment in the county jail of said county for the period of 90 days, and to pay the costs of prosecution.  Thereafter a motion for new trial was made, and overruled by the trial court.  The defendant brings the cause before this court on appeal, assigning various errors.

[1] Appellant first contends that he was not informed by the trial court that, if he intended to challenge an individual juror, he

must do so when the juror appears and before he is sworn. The record shows that defendant was not represented by counsel on the trial; that, when arraigned, he was asked by the court if he desired an attorney to defend him, and he replied: "I don't want a lawyer. I am lawyer enough to try this case myself." During the examination of the jury as to qualifications the defendant interrogated jurors, and peremptorily excused two. The state's attorney stated to defendant immediately before swearing of individual jurors, "It is your challenge." Under this record we are of the opinion that this contention of appellant is without merit.

[2] Appellant next contends that the motion in arrest of judgment should have been granted. The effect of this motion is to question the sufficiency of the information to charge an offense under section 314 of the Penal Code. While our statute provides that failure to demur does not waive the right to move in arrest of judgment upon the ground that the information does not state facts sufficient to constitute a public offense, yet we believe the rule to be well settled and founded upon good reason that, where there has been a failure to demur, the court will not construe the information as strictly upon the motion in arrest of judgment as it would have construed it upon a demurrer. This rule, however, will not permit the court to overlook the complete omission of any allegation setting forth an essential ingredient of the offense attempted to be charged. The case at bar is in its facts very similar to the case of People v. Vierra, 52 Cal. 451, wherein the defendant was tried under an indictment charging that on a certain date he "did then and there, being armed with one certain pocketknife, the same being a deadly weapon, strike, cut, wound, and bruise feloniously, willfully, and of his malice afore-thought one * * * Rosa, and the said Vierra, then and there being armed, as aforesaid, did assault, as aforesaid, * * * Rosa, to do great bodily injury, contrary," etc. The jury returned a verdict of "guilty as charged in the indictment" (as was done in the case at bar), and judgment was rendered thereon. The defendant in that case also moved in arrest of judgment, which motion the trial court denied. Upon appeal from the judgment, the court said: "This indict-

ment is not sufficient to sustain a conviction for the offense attempted to be charged. An averment that the defendant was armed with a deadly weapon and made an assault is no statement of the fact that the assault was with the weapon. He may have been thus armed and yet have committed a simple assault, or an assault with some other instrument not deadly in its character. The indictment should have stated directly and certainly that the assault was with the weapon; that is, that the weapon was used by the defendant as an instrumentality of the assault."

[3] In line with this decision, we are of the opinion that the trial court should have refused to render a judgment finding defendant guilty of an assault with a dangerous weapon. We do not think that the information was wholly insufficient to charge any offense, but believe that, under the great weight of authority, it was amply sufficient to sustain a verdict and judgment for simple assault. 5 Enc. L. & P. 792; Territory v. Gonzales, 14 N. M. 31, 89 Pac. 250; Smith v. State (Tex. Cr. R.) 57 S. W. 949; McNamara v. People, 24 Colo. 61, 48 Pac. 541; State v. Clayton, 100 Mo. 516, 13. S. W. 819, 18 Am. St. Rep. 565; State v. Beverlin, 30 Kan. 611, 2 Pac. 630. The Missouri case was one in which there was an attempt to set forth an aggravated assault. The indictment was held insufficient, but was held sufficient as an indictment charging simple assault, although, as in the case at bar, it used no words explanatory of the nature of the assault or the means used therefor. In the Kansas case the information charged: "That on the 29th day of May, A. D. 1882, one A. J. Beverlin, in the county of Chase, in the state of Kansas, then and there being, then and there, with a deadly weapon, to-wit, a pitchfork, did with said deadly weapon, commit an assault and battery upon the person of John Maxwell, with the unlawful and felonious intent then and there to kill, maim, and wound the said John Maxwell." Upon motion, the court quashed the information as insufficient to charge a felony but held it sufficient to charge a misdemeanor. Over proper objections the defendant was tried and convicted of assault and battery, which conviction was followed by a motion in arrest of judgment, which motion was overruled. Upon appeal, it was.

urged that the acts constituting the offense were not sufficiently stated in the information; in other words, that a mere conclusion of law was set forth, and not a statement of the facts constituting the offense. The appellate court sustained the ruling of the trial court. See, also, on this point, section 252a, 1 McClain on Crim. Law.

It is urged that the evidence was insufficient to sustain the verdict, but to our minds the evidence was ample to sustain a charge of simple assault, and, in line with the rule laid down by this court in State v. Peterson, 23 S. D. 629, 122 N. W. 667, the judgment of the circuit court should be modified and the cause remanded to such court with directions to sentence the appellant for the crime of simple assault, unless this court is unable to correct the error of the trial court owing to the condition of the abstract herein.

No exception to either the order overruling motion in arrest of judgment or the order denying a new trial appear in the abstract. This fact, however, becomes immaterial in view of what we have said herein. The motion in arrest of judgment questioned the right of the court to enter any judgment herein, and was properly overruled, as it was the court's duty to enter judgment for simple assault in conformity with the information and verdict. For all the reasons above stated, the motion for new trial was rightfully denied.

[4] The only error of the trial court was in entering a judgment and imposing a sentence for an offense greater than that charged in the information found by the verdict. This is an error to which the statute does not provide taking an exception, being one that would appear upon the face of the record without a bill of exceptions. No execption was necessary.

The cause is remanded to the circuit court, which is directed to modify its judgment, and to sentence the defendant for the crime of simple assault.