(113 So. 87)

### YATES v. STATE. (1 Div. 716.)

Court of Appeals of Alabama. Feb. 1, 1927.

Rehearing Denied May 17, 1927.

See, also, 21 Ala. App. 703, 110 So. 927.

Granade & Granade, of Chatom, for appellant.

Brief of counsel did not reach the Reporter.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

SAMFORD, J. ▮▮ The evidence for the state relative to the offense charged is:

"The defendant struck at Noah Pace with a stick * * * each time he was on the outside of my picket fence and I was on the inside, out of his reach."

And again:

"When defendant hit at Noah Pace with a stick he was not standing close enough to hit him; in fact Noah was out of reach of him and that is why he did not hit him."

An assault is an intentional attempt to strike, within striking distance, which fails of its intended effect either by preventive interference or by misadventure. Lane v. State, 85 Ala. 11, 4 So. 730. The defendant's motion to exclude the evidence should have been granted.

The foregoing being decisive of this appeal, other questions presented are not decided.

The evidence for the state showing as it does that no crime has been committed, it could serve no good purpose to remand this

cause. An order therefore will here be entered discharging the defendant.

Reversed and rendered.

## On Rehearing.

 No motion to strike the bill of exceptions was made upon the original submission of this case, and under section 6434 of the Code of 1923, this court may not strike the bill of exceptions ex mero motu. The motion of the state to strike the bill of exceptions comes too late upon application for rehearing.

Upon motion of the Attorney General the judgment of reversal is modified to this extent. The judgment is reversed and the cause is remanded.

Opinion extended. Judgment modified, and application overruled.