175 So. 698

## TAYLOR v. STATE.

### 8 Div. 510.

Court of Appeals of Alabama.

June 8, 1937.

Rehearing Stricken June 29, 1937.

Wm. Stell, of Russellville, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

Prosecution was begun by affidavit, in which defendant was charged with having committed an assault on Mrs. Raymond Landers with a weapon. On the trial, and after the evidence was all in, the defendant requested the court, in writing to give to the jury, in his behalf, the general affirmative charge.

An "assault" is any attempt or offer, with force or violence, to do a corporal hurt to another, whether from malice or wantonness, with such circumstances as denote, at any time, an intention to do it, coupled with a present ability to carry such intention into effect. Such was the rule at the common law approved by the Supreme Court in Tarver v. State, 43 Ala. 354; Burton v. State, 8 Ala.App. 295, 62 So. 394; Yates v. State, 22 Ala.App. 105, 113 So. 87.

Whatever may be said of the conduct of the defendant at the time testified to by the prosecutrix, there is no evidence in the record tending to prove any assault on the part of this defendant. Even conceding that the defendant had a stick in his hand at the time testified to by the prosecutrix, and conceding that the prosecutrix had a fear that defendant would strike her with the stick, there is no evidence tending to prove that the defendant ever made any demonstration or movement, or effort to strike the prosecutrix on the occasion testified to.

The defendant was entitled to the affirmative charge, and for the error of the trial judge in refusing this charge, the judgment is reversed and the cause is remanded.

Reversed and remanded.

### On Rehearing.

PER CURIAM.

On the original submission, appellant's counsel complied with Supreme Court Rule 13 by filing a brief and serving same with proper certificate upon the Attorney

General. The Attorney General failed to comply with Supreme Court Rule 38, which provides: "No appellee can, as matter of right, apply for a rehearing unless brief was filed with the clerk upon the original hearing within fifteen days after submission of the cause containing a certificate that a copy of same was served within said time upon counsel for appellant."

The appellant makes motion to dismiss the application for rehearing, and cites in support thereof Riley et al. v. Louisville & N. R. Co. 18 Ala.App. 279, 92 So. 23, and Louisville & N. R. Co. v. Bishop, 17 Ala.App. 320, 85 So. 859, both of which cases are in point.

In the recent case of Swan Williams et al. v. State, ante, p. 525, 175 So. 697, the Attorney General invoked the rules of practice in this court, and in the State's contention in those cases this court agreed with the Attorney General. While there is some discretion in applying Supreme Court Rule 38, such discretion should not be used so as to destroy the force of the rule. "We cannot make fish of one and fowl of the other."

The application for rehearing is dismissed.

Application dismissed.