120 So.2d 121

**John Billy FLOURNOY**

v.

**STATE.**

3 Div. 11.

Court of Appeals of Alabama.

Sept. 20, 1957.

Rehearing Denied Nov. 19, 1957.

Reversed on Mandate April 19, 1960.

**630**

Geo. P. Howard, Wetumpka, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for State.

PRICE, Judge.

Under an indictment charging robbery, defendant was convicted of an assault, a lesser offense included in that charged in the indictment. Rambo v. State, 134 Ala. 71, 32 So. 650; Robertson v. State, 24 Ala.App. 237, 133 So. 742. A sentence of six months at hard labor was imposed by the court.

The testimony for the State tends to show that on a Sunday night as James Sumrall, the prosecuting witness, was leaving from a visit to a girl's house in an unfamiliar neighborhood in Montgomery, he was approached by three boys asking for cigarettes. After giving them the cigarettes he asked to be directed to a telephone, and one of the boys offered to take

him to his aunt's house where there was a telephone. All four of them took a short cut through Kiwanis Park on the way to the phone. When they reached a dark spot in the park, one of the boys asked witness for a dollar. Mr. Sumrall stated he didn't have a dollar. Defendant stepped in front of witness and said "Don't move and nobody will get hurt." When he said these words he was holding his clenched fist in this position (indicating). One of the other boys held his right arm while the third took his billfold out of his pocket, extracted a one dollar bill and a ten dollar bill, put the one dollar bill back in the wallet and the three boys ran away. Later that night Mr. Sumrall and two policemen found the boys at the Trailways Bus Station.

Officer Ward testified the defendant was taken to the police station where he made a statement which, after proper predicate laid, was introduced into evidence.

In the confession defendant admitted that he was a party to a plan to take the money from the prosecuting witness, and that it was divided between the three boys. In the statement it was denied that anyone held Sumrall, but it was admitted that he was told not to move.

The evidence for defendant was to the effect that he was a native of Elmore County and that he had come to Montgomery to live some seven or eight months prior to his arrest. Evidence of previous good character was presented by witnesses from various communities in which defendant had lived.

■ "An 'assault' is any attempt or offer, with force or violence, to do a corporal hurt to another, whether from malice or wantonness, with such circumstances as denote, at any time, an intention to do it, coupled with a present ability to carry such intention into effect." Taylor v. State, 27 Ala.App. 538, 175 So. 698, 699; Tarver v. State, 43 Ala. 354; Burton v. State, 8 Ala.App. 295, 62 So. 394; Yates v. State, 22 Ala.App. 105, 113 So. 87.

■ The evidence was sufficient to sustain a charge of an assault, and the court properly refused charges 8 and 10, calling for the defendant's acquittal.

Requested charge 7 was argumentative and misleading and was properly refused.

■ The accused, having been convicted of a simple assault, was not harmed by the court's refusal of instructions 9 and 11 requiring acquittal of the higher offense of robbery. See 7 Ala.Dig., Criminal Law, ☜1173(3).

Inasmuch as defendant was acquitted of the charge of robbery, he could not complain of the trial court's action in overruling objections to questions to the prosecuting witness as to whether he gave up his money willingly or whether it was taken from him by force. Frasier v. State, 23 Ala.App. 407, 127 So. 246.

■ The following incident occurred during the direct examination of State's witness Sumrall:

"Q. You don't know whether they caught Billy Flournoy? A. I know they caught Billy Flournoy.

"Q. Were you there when they caught him? A. Yes, sir, I was there.

"Q. At that time did you identify Billy Flournoy as the person who held his clinched fist on you in Kiwanis Park when you were robbed of your money?

"Mr. Howard: We object.

"The Court: Did he deny it?

"The Witness: If he did, I didn't hear it.

"The Court. I will let it go in.

"Mr. Howard: We except.

*     *     *     *     *     *

"Mr. Howard: We object on the ground it is not part of the res·gestae,

and irrelevant, incompetent and immaterial, and nothing to show any question was asked him or an opportunity given him to deny anything, and that the question was leading."

Counsel insists that the admission of this testimony violated the rule that evidence of accused's silence in the face of accusation of crime is inadmissible unless it be first shown that he heard and understood the charge against him under circumstances calling on him for a denial. See 6 Ala. Dig., Criminal Law, ☞407(2).

In the instant case, it will be noted, there was no answer by the witness to the question of the solicitor to which objection was interposed. The answer was to the question by the court which was not objected to until after answer was made, and no motion was made to exclude the answer.

■ It was permissible for Officer Ward to refresh his recollection by referring to the police report made by him pursuant to his investigation. Singleton v. Doe, ex dem. Smith, 184 Ala. 199, 63 So. 949.

■■ There was no error in the court's action permitting the prosecuting witness, on redirect examination, to refer to a written statement which he made and signed at police headquarters the night of the alleged robbery, and permitting the solicitor to ask the witness if he didn't tell the officers, "One of the boys said have you got a dollar, and you said, No, I haven't, then one of the boys reached for my wallet, and the other one said, don't move, and one of them said you won't get hurt." Willingham v. State, 261 Ala. 454, 74 So.2d 241. Moreover, defense counsel had asked the witness on cross examination whether or not he had stated to counsel that morning that there was only one boy that spoke to him, and witness answered that he did make such statement, but that there were two boys who actually said something to him, and counsel then asked whether before entering upon the trial the witness, at the suggestion of one of the police officers

that he refresh his recollection by reading it, read over the written statement. The witness stated that he did read it that morning. In overruling the solicitor's objection as to what the witness told the officers the boys said after he had been shown the written statement, the court said: "I will let him ask him. You brought it out." See 6 Ala.Dig., Criminal Law, ☞396(2) as to admissibility of the entire conversation or transaction when put in evidence by the other party.

We find no reversible error in the record and the judgment is affirmed.

Affirmed.

## On Rehearing

■ Appellant urges in brief on application for rehearing that we are in error in holding that it was permissible for Officer Ward to refer to the police report for the purpose of refreshing his memory. Counsel requests we "show there was nothing in the evidence showing how long it was after the alleged assault and investigation before the report or memorandum was made."

It is further insisted that the evidence fails to show the witness was testifying from independent recollection after looking at the memorandum to refresh his memory.

In Penney v. Warren, 217 Ala. 120, 115 So. 16, 18, the court stated the rule as follows:

"A witness may refresh his memory by examining a memorandum made by himself, 'or known and recognized by him as stating the facts truly,' when, after such examination, he can testify to the facts as matter of independent recollection; but in such case the memorandum itself is not thereby made evidence in the cause, unless the opposing party calls for it. Acklen's Ex'r v. Hickman, 63 Ala. 494, 35 Am. Rep. 54; Singleton v. Doe ex dem. Smith, 184 Ala. 199, 63 So. 949. * * Nor is it necessary that the memoran-

dum should have been made contemporaneously with the transaction, if it was made while the facts were still fresh in the mind of the maker."

The witness stated that the official report was prepared by himself pursuant to his duties in connection with his investigation of the alleged robbery. We think it can be inferred that the official report was made while the matter was still fresh in the mind of the officer.

No point was made on the trial and there is nothing in the record to show that the witness was testifying from the report and not from independent recollection after using the memorandum to refresh his memory.

Application overruled.

PER CURIAM.

Reversed and remanded on authority of Ala., 120 So.2d 124.