Douglas Keith Morgan was indicted for assault with intent to ravish. A jury found him guilty of assault and battery and fined him five hundred dollars. The trial judge imposed a sentence of six months' hard labor.
 I
Morgan was eighteen years of age and on leave from service in the United States Navy when the crime was committed. His application for treatment as a youthful offender was denied.
In urging that the trial judge abused his discretion in denying youthful offender status, appellant's counsel states that "no investigation was made by any probation officer on behalf of the Circuit Court of Lee County, Alabama". Contrary to this assertion the very first witness whose testimony is reported in the record is Jim V. Lord. Officer Lord testified that he was a "State Probation and Parole Supervisor assigned to Lee County, Alabama", and that he conducted an investigation of the appellant pertaining to a youthful offender petition at the request of the Circuit Court of Lee County. Though his recommendation was not requested he did make a report to the court. Prior to ruling on the application the trial judge conducted a full hearing and allowed defense counsel to present whatever evidence he desired.
The Youthful Offender Act vests in the trial judge almost absolute discretion to grant or deny youthful offender status after making an appropriate investigation. McClendon v. State,341 So.2d 174 (Ala.Cr.App. 1976); Section 15-19-1, Code of Alabama 1975. This act does not require a full, formal hearing or an investigation by a probation officer in every case.Clemmons v. State, 294 Ala. 746, 749, 321 So.2d 238 (1975). While we have no indication of why youthful offender status was denied in this case, the trial judge is not required to state his reasons for denying youthful offender status. This court will not overturn that exercise of discretion except where it affirmatively appears that the decision of the trial judge was arbitrary or made without some examination or investigation of the youthful offender. Watkins v. State, 357 So.2d 156
(Ala.Cr.App.), cert. denied, 357 So.2d 161 (Ala. 1977). It is not for this court to overturn the decision of the trial judge in denying youthful offender status simply because we would not have made that same decision.
The record supports no finding that the decision was arbitrary or constitutes an abuse of discretion. After weighing other factors, the trial judge may have decided that youthful offender status was due to be denied because of Morgan's age, status, and the seriousness of the crime charged. For this reason we cannot overturn the judge's ruling denying youthful offender status.
 II
Also the trial court did not abuse its discretion in ruling that the appellant's confession was voluntary and admissible as evidence. While the appellant testified that Detective Edwin D. Downing told him that "things would go easier" if a statement were made, Downing testified that he never made such a statement.
Where the trial court finds on conflicting testimony that the confession was voluntarily made, that finding will not be disturbed on appeal unless it is palpably contrary to the weight of the evidence. Blackburn v. Alabama, 361 U.S. 199,80 S.Ct. 274, 4 L.Ed.2d 246 (1960); Harris v. State, 280 Ala. 468,195 So.2d 521 (1967); Thompson v. State, 347 So.2d 1371
(Ala.Cr.App.), cert. denied, 347 So.2d 1377 (Ala. 1977);Sullivan v. State, 340 So.2d 878 (Ala.Cr.App.), cert. denied,340 So.2d 881 (Ala. 1976); Jenkins v. State, 337 So.2d 72
(Ala.Cr.App. 1976); Botsford v. State, 54 Ala. App. 482,309 So.2d 835, cert. denied, 293 Ala. 745, 309 So.2d 844 (1974). Even when there is credible testimony to the contrary, if the evidence is fairly capable of supporting *Page 1016 
an inference that the rules of freedom and voluntariness were observed with respect to an extrajudicial confession, the ruling of the trial court need only be supported by substantial evidence and not to a moral certainty. Elliott v. State,338 So.2d 483 (Ala.Cr.App. 1976).
 III
The trial judge denied the appellant's motion to exclude the state's evidence and dismiss the defendant. The grounds of this motion were that
 "The State has failed to meet the burden of proof in that they have failed to meet the elements of intent to have intercourse with this woman by force and fear and against her consent."
The appellant was convicted of assault and battery and not for assault with intent to ravish. Where the accused is convicted of a lesser included offense, the accused is not harmed by the refusal of the trial court to give instructions requiring an acquittal of the higher offense. Phillips v. State, 167 Ala. 75,52 So. 746 (1910); Pittman v. State, 153 Ala. 1, 45 So. 245
(1907); Vaughn v. State, 45 Ala. App. 169, 227 So.2d 801 (1969);Flournoy v. State, 40 Ala. App. 629, 120 So.2d 121, reversed on other grounds, 270 Ala. 448, 120 So.2d 124 (1960); Berness v.State, 40 Ala. App. 198, 113 So.2d 178, cert. denied, 269 Ala. 694, 113 So.2d 183 (1959); Burton v. State, 8 Ala. App. 295,62 So. 394 (1913). Therefore the failure of the trial court to exclude the state's evidence because of the state's failure to prove the intent to ravish was not error where the defendant was convicted of the lesser included offense of assault and battery.
 IV
Any touching by one person of the person of another in rudeness or in anger is an assault and battery. Jacobi v.State, 133 Ala. 1, 17, 32 So. 158 (1902). It is an assault and battery for a man to hold a woman in his arms pressing her against her will, although without an intention to hurt her.
 "Imposition of his arms on her person, and holding and pressing her against her will, is, in legal contemplation, force, though there may have been no intention to hurt — unquestionably an assault and battery."
Norris v. State, 87 Ala. 85, 88, 6 So. 371 (1888).
The uncontradicted and uncontested evidence in this case reveals that Morgan grabbed his victim, held a knife to her throat and covered her eyes with his hand. He then removed her dress and made her walk to the front door of the apartment. Clearly this constituted an assault and battery and denies the appellant's claim that the verdict was contrary to the evidence.
 V
The appellant also contends that the trial court committed reversible error in failing to give five of his written requested charges. We have carefully reviewed each refused written requested charge and found that each was adequately, substantially, and fairly covered in the excellent charge of the trial court except for one which was covered in a given requested charge. For these reasons the refusal of the requested charges was not error.
We have searched the record for error under our statutory duty. Finding none, we affirm the judgment of the trial court.
AFFIRMED.
All Judges concur. *Page 1017