946 F.2d 901
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John Francis HUCKLEBERRY, Petitioner-Appellant,
v.
Frank GUNTER, Executive Director, Colorado Department of
Corrections, Canon City, Colorado, Respondent-Appellee.
 No. 90-1236.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1991.
 
 Before SEYMOUR and TACHA, Circuit Judges, and CHRISTENSEN, District Judge.*
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 Petitioner-appellant Huckleberry appeals from the district court's order denying his petition for a writ of habeas corpus. On appeal, Huckleberry argues that the Supreme Court of the State of Colorado's holding that an alibi defense is not an affirmative defense unforeseeably deprived him of a defense available at the time of his trial. He contends that this deprivation was in violation of the fourteenth amendment's due process clause. Huckleberry further argues that there was insufficient evidence to support his conviction. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm the district court's order denying relief.
 
 
 2
 This appeal arises out of a tragic accident in which appellant's wife was killed after apparently being run over by a motor vehicle. Appellant was tried and convicted of first-degree murder in the state courts of Colorado. In the trial court, Huckleberry requested a jury instruction that the State had the burden to refute appellant's alibi defense beyond a reasonable doubt. This would have placed the alibi defense in the status of an affirmative defense to be disproved by the State. The trial court refused the instruction. On appeal, the Colorado Court of Appeals held that an alibi defense is an affirmative defense and reversed the conviction because of the refusal to instruct separately on the alibi defense. The Colorado Supreme Court granted the State's petition for certiorari and held that an alibi defense is not an affirmative defense in Colorado. The Colorado Supreme Court based its decision on an 1897 Colorado Supreme Court decision and rejected two intervening Court of Appeals decisions to the contrary. Appellant argues here that the rejection of the two more recent Court of Appeals decisions results in an "unforeseeable" judicial elimination of a defense available at the time of trial.
 
 
 3
 Although the Ex Post Facto Clause does not apply directly to judicial actions, "all principles governing the ex post facto clause must be applied to judicial actions through the due process clause." Devine v. New Mexico Dep't of Corrections, 866 F.2d 339 (10th Cir.1989) (citing Marks v. United States, 430 U.S. 188, 191-91 (1977)). The Supreme Court has stated that a judicial decision should not be given retroactive effect if it is " 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct at issue.' " Bouie v. City of Columbia, 378 U.S. 347, 354 (1964). In Devine, this court addressed this due process issue in terms of whether a judicial decision was "foreseeable." 866 F.2d at 345-46. There, we held that a state supreme court decision delaying a prisoner's eligibility for parole unforeseeably enhanced the prisoner's punishment. Id. at 347. We concluded that the judicial decision was unforeseeable because a person in the defendant's shoes "had no indication" that the supreme court would decide as it did and because "the decision was unforeseeable in light of all published sources of [state] law." Id. at 345-46. We simply do not arrive at the same conclusion in this case.
 
 
 4
 Because of the existing precedent in Colorado's highest court that an alibi defense is not an affirmative defense, McNamara v. People, 24 Colo. 61, 48 P. 541 (1897), we agree with the district court that the reiteration of that position by the Colorado Supreme Court was neither unforeseeable nor a radical change in Colorado law. The Colorado Supreme Court merely applied the same interpretation that it applied to the same issue nearly a hundred years ago. We cannot conjecture as to why the Colorado Court of Appeals decided to depart from the higher court's precedent.
 
 
 5
 In support of his due process argument, Huckleberry suggests that the Colorado Supreme Court misinterpreted its century-old McNamara decision in its Huckleberry opinion. He also cites to several Colorado Supreme Court cases that have referred to the alibi defense as an affirmative defense. We decline to consider the status of Colorado law after McNamara and prior to this case when the Colorado Supreme Court already has done so. In deciding that the defense of alibi is not an affirmative defense, the Colorado Supreme Court clearly stated that it was reaffirming its conclusion in McNamara and that the two intervening Court of Appeals decisions--decided "without stating ... reasons or making any reference to ... McNamara"--are in conflict with the long-standing rule that the defense of alibi is not an affirmative defense. People v. Huckleberry, 768 P.2d 1235, 1239 (Colo.1989). The interpretation of the Colorado Supreme Court with respect to the meaning of its previous state law decisions is binding on this court. Wainright v. Goode, 464 U.S. 78, 84 (1983).
 
 
 6
 Appellant also argues that there was insufficient evidence to convict him. He made this same claim unsuccessfully in all of the state court proceedings. "In a habeas corpus proceeding, we review a challenge to the sufficiency of the evidence to determine 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Cordoba v. Hanrahan, 910 F.2d 691 (10th Cir.), cert. denied, 111 S.Ct. 585 (1990) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original)). Although the evidence is circumstantial, after reviewing the record we agree with the district court and all of the state courts who have reviewed this conviction that the evidence was clearly sufficient when viewed in the light most favorable to the State. We AFFIRM.
 
 
 
 *
 The Honorable A. Sherman Christensen, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3