This is an appeal from the trial court's order granting summary judgment in favor of Defendants/Appellees in a malicious prosecution action. We affirm in part, reverse in part, and remand.
 FACTS
On the night of April 6, 1983, a robbery took place at the Winn-Dixie store in Troy, Alabama. Charged with committing that robbery were Agnes Kitchens (Plaintiff/Appellant), Larry James, and Walter James. The complaint charging Kitchens with first degree robbery was signed by Tony Alcuri, an employee of Winn-Dixie, who was on duty at the Troy store on the night of April 6.
At the preliminary hearing, held on May 17, 1983, the judge discharged Kitchens, finding that "it appeared that there was not probable cause to believe that [Kitchens] was guilty as charged." Later, the Pike County Grand Jury returned an indictment against Kitchens, charging her with conspiracy to commit robbery. At trial on this charge, Kitchens' motion for acquittal, made at the close of the State's case, was granted.
Kitchens instituted this action against Winn-Dixie Montgomery, Inc., and Tony Alcuri, alleging malicious prosecution and false imprisonment. On February 23, 1984, the trial judge granted Defendants'/Appellees' motion for summary judgment. From that order, Kitchens appeals.
 ISSUE
We quote directly from Appellant's brief:
 "Appellant contends that there is a substantial issue which exists as to whether or not Appellees acted without probable cause and with malice or reckless disregard of Appellant's rights when Appellees instituted Criminal Proceedings against her (Appellant)."
The issue presented by this appeal, then, is whether the evidence created a genuine issue of material fact with regard to the existence vel non of the elements of malicious prosecution, keeping in mind that Kitchens' claim is confined to the alleged malicious prosecution arising out of the signing of a warrant by Tony Alcuri. In *Page 47 
other words, by so confining her contention of error, Appellant waives any claim with respect to the prosecution growing out of the grand jury indictment.
 DECISION
In order to succeed in a malicious prosecution action, the averments and proof must show: 1) a judicial proceeding; 2) instigated by the defendant; 3) want of probable cause; 4) malice; 5) the termination of the judicial proceeding favorably to the plaintiff; and 6) damages. King v. Farrell, 55 Ala. App. 147, 314 So.2d 68 (1975). If any of these elements is missing, the action will fail.
It is undisputed that the Defendants initiated the original criminal proceedings against the malicious prosecution Plaintiff, who was discharged for want of probable cause by the district court upon preliminary hearing. Because malice may be inferred from want of probable cause, S.S. Kresge Co. v. Ruby,348 So.2d 484 (Ala. 1977), the crucial question with regard to the correctness of the summary judgment order is the determination of the existence vel non of probable cause as to this limited phase of the prosecution.
"Probable cause," as that term is used in malicious prosecution actions, is defined as "such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest or strong suspicion that the person arrested is guilty." Hanson v.Couch, 360 So.2d 942, 947 (Ala. 1978). The evidence shows that on the day after the robbery, Tony Alcuri went to the Troy Police Department to swear out warrants against the two men allegedly involved in the robbery. When he arrived, he was presented with three warrants instead of two. Although Alcuri testified that he "was not familiar with the third warrant against Kitchens," William Stone, the Clerk of the Pike County Circuit Court, assured Alcuri that enough evidence existed to connect Kitchens with the two men as an accomplice.
As with any issue on summary judgment, if the facts are not in dispute, a question of law is presented to be decided by the trial court; where the evidence is in conflict, the issue must go to the jury. S.S. Kresge v. Ruby, supra. In view of the trial mandated by this appeal on remand, it is inappropriate to detail the evidence and its conflicting inferences bearing on the probable cause issue. Suffice it to say, there was certain evidence tending to connect this Plaintiff with the two men who admittedly committed the robbery. This evidence, however, as determined by two different courts, failed, as a matter of law, to connect her to the crime.
Although the finding at the preliminary hearing of no probable cause is prima facie evidence of want of probable cause, the defendants in a malicious prosecution action must be given the opportunity to rebut that presumption. Johnson v.Haynie, 414 So.2d 946 (Ala. 1982). Here, the admission into evidence of Plaintiff's subsequent indictment by the grand jury is not only appropriate, as bearing on that issue, but its admission vitiates the prima facie effect of the prior "want of probable cause" adjudication of the district court on preliminary hearing. The familiar principle, recently restated in Alabama Power Co. v. Neighbors, 402 So.2d 958 (Ala. 1981), is here applicable:
 "`In malicious prosecution the general rule is that the finding of an indictment by a grand jury against one charged with crime is prima facie evidence of the existence of probable cause, and that the acquittal of a defendant upon the trial does not tend to show a want of probable cause for believing him guilty of the offense charged when the arrest is made or prosecution initiated. . . ." 402 So.2d at 967. (Emphasis added in Alabama Power Co. v. Neighbors.)
Thus, the trial court correctly overruled the Plaintiff's
motion for summary judgment. By the same standard, the court should have overruled the Defendants' motion for summary judgment, because the Defendants' evidence, although *Page 48 
rising to the level of a prima facie showing of probable cause, does not deprive Plaintiff, as a matter of law, of her right to rebut it. While Plaintiff's evidence of dismissal of the charge by the district court has lost its prima facie effect, it is nonetheless admissible; and this evidence, along with all the other evidence tending to show lack of probable cause, makes this case, as to the issue presented on appeal, inappropriate for summary judgment.
Consequently, that part of the judgment dismissing the Plaintiff's claim for malicious prosecution following the indictment for conspiracy to commit robbery is affirmed (that issue being waived on appeal); that part of the judgment dismissing Plaintiff's claim for malicious prosecution growing out of the complaint initiated by the Defendants and resulting in the dismissal of the charges against the Plaintiff in preliminary hearing is reversed; and this cause is remanded for a trial as to that phase of the prosecution.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.