Plaintiff Pattie Ann Ezell appeals from the summary judgment in favor of defendant Southland Corporation, d/b/a Seven-Eleven, on her counts alleging false arrest, malicious prosecution, and outrage. Because Ezell concedes on appeal that the summary judgment was proper as to the false arrest and outrage claims, we confine *Page 491 
our discussion to the issue of malicious prosecution.
An employee of the Seven-Eleven store, Dorothy Sutterfield, claimed that Ezell, while in the store, picked up two cans of beer and left the store without replacing them or paying for them. Her affidavit in support of Seven-Eleven's motion for summary judgment states:
 "At approximately 10:00 a.m., a white female entered the store and walked back to the beer cooler. I observed her pick-up two cans of beer and turn to come to the front of the store. As she walked between the aisles of merchandise my view of her hands and torso was obscured. She did not return to the beer cooler and replace the two cans of beer, but instead walked to the front of the store and exited the store. Because I had not seen her return the two cans of beer to the cooler or pay for the beer I followed her into the parking lot and wrote down the automobile license number as she drove out of the parking lot. I then returned to the store and checked the aisles of merchandise to make sure she had not set the beer down before I called the police and reported the theft.
 "Approximately ten minutes after reporting the theft the police pulled into the parking lot with the same woman in the car. I identified the white female as the one who had taken the two beers and learned that her name was Pattie Ann Ezell. I was requested to sign a warrant for Ms. Ezell's arrest by the City of Mobile and I did so on September 28, 1986. My actions in reporting the theft and signing the warrant were based on my observations of her picking up two cans of beer and walking out of the store without replacing the beer in the cooler, or paying for the beer."
Ezell was charged with theft of property in the third degree. She was found not guilty at trial, and subsequently she filed the action which is the subject of this appeal.
The elements necessary to maintain an action for malicious prosecution are: 1) institution of a judicial proceeding; 2) by the defendant; 3) without probable cause; 4) termination of the proceeding in plaintiff's favor; 5) malice on the defendant's part; and 6) injury or damage to the plaintiff as a result of the action. Davidson v. Davidson, 510 So.2d 199 (Ala. 1987). The plaintiff has the burden of proving each of these elements.S.S. Kresge Co. v. Ruby, 348 So.2d 484 (Ala. 1977). It is clear that Seven-Eleven initiated an action against Ezell that was terminated in her favor; Ezell argues on appeal that Seven-Eleven lacked probable cause in prosecuting her and that malice can be inferred from that lack of probable cause.
"The question in an action for malicious prosecution arising from a criminal charge is whether the defendant, at the time he or she instituted the prosecution, had probable cause to believe that the accused was guilty." S.S. Kresge Co., supra, at 488 (citations omitted). Probable cause is defined as " 'such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest or strong suspicion that the person arrested is guilty.' Hanson v. Couch, 360 So.2d 942, 947 (Ala. 1978)." Kitchens v. Winn-Dixie of Montgomery, Inc.,456 So.2d 45, 47 (Ala. 1984).
Sutterfield stated in her deposition that she signed the warrant based upon what she observed Ezell do in the store. Ezell's counter-affidavit contradicts Sutterfield's account:
 "I have reviewed the affidavit of Dorothy Sutterfield which has been filed in support of the Defendant's Motion for Summary Judgment. The facts related by way of affidavit by Ms. Sutterfield are absolutely inaccurate and untrue. I did not take anything from her store without paying for it, in fact, I didn't take anything at all. The facts as they actually occurred are so different from those which are related in Ms. Sutterfield's affidavit as to bear scant resemblance thereto."
Other than general denials, Ezell provided no proof or evidence to support her claim of lack of probable cause. "As with any issue on summary judgment, if the facts are not in dispute, a question of law is presented to be decided by the trial *Page 492 
court. . . ." Kitchens, supra, at 47. In Gulf States PaperCorp. v. Hawkins, 444 So.2d 381 (Ala. 1983), we reversed a $200,000 judgment in favor of an employee, Hawkins, who had been accused of theft of the employer corporation's money. Hawkins was bound over to the grand jury twice, both occasions resulting in a no bill. It was after this that Hawkins sued Gulf States. In reversing the jury's verdict, we noted:
 "Hawkins's denial and explanation of his actions to Gulf States officials . . . did not present a jury question on the issue of probable cause. From the facts appearing in the record, the Court concludes that Gulf States was acting as 'a cautious man' would act in believing at the time the warrant was signed that Hawkins had committed the crime of theft."
Gulf States Paper Corp. v. Hawkins, supra, at 390 (emphasis added).
Likewise, Ezell's denials, standing alone, are insufficient to create an issue of fact for a jury and thereby withstand summary judgment. Although Ezell is correct in arguing that malice may be inferred from a lack of probable cause, S.S.Kresge Co., supra, she has failed to prove that lack of probable cause. Accordingly, the summary judgment for Southland Corporation, d/b/a Seven-Eleven, is affirmed as to all counts.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.