Larry Cobb sued Ivy Corporation, doing business as Toyota of Anniston (hereinafter Ivy Corporation shall be referred to as "Toyota of Anniston"), and Southeast Toyota Distributors, Inc. ("hereinafter Southeast Toyota"), alleging breach of warranty, breach of contract, false representation, fraudulent concealment of a material fact, and civil conspiracy. Toyota of Anniston and Southeast Toyota filed separate motions for summary judgment. The trial court dismissed the breach of warranty claims against Toyota of Anniston and denied Toyota of Anniston's motion for summary judgment as to the remaining claims. In a separate order, the trial court entered summary judgment for Southeast Toyota as to all claims. That summary judgment was made final pursuant to Rule 54(b), A.R.Civ.P. Cobb appeals from that summary judgment.
On January 24, 1985, Cobb purchased a 1985 Toyota Corolla automobile from Toyota of Anniston. The automobile had incurred damage to the left front fender and the hood while being transported to Toyota of Anniston from Southeast Toyota, a regional distributor for Toyota automobiles. The damage was repaired at the direction of Toyota of Anniston, at a cost of $268.34. Southeast Toyota paid the claim for the repair submitted to it by Toyota of Anniston.
Toyota of Anniston sold the automobile to Cobb as "new" and did not inform Cobb of the damage to the automobile.
Eight months to a year after Cobb had purchased the automobile, he began to notice that the paint on the automobile was flaking. He took the automobile to Toyota of Anniston four or five times, complaining of the problem with the paint. Nearly two years after he had purchased the automobile, Cobb discussed the problem with Dave Allen, a representative of Southeast Toyota. Allen told Cobb that he was aware that there was a problem with the paint but that he did not know the cause of the problem. On February 18, 1987, Toyota of Anniston had the car repainted, at no cost to Cobb.
Cobb learned through a telephone call on February 15, 1989, from John Ford, the service manager of Toyota of Anniston, that the automobile had been damaged prior to his purchase. Cobb filed his complaint on April 3, 1989.[1]
On appeal, Cobb complains of the judgment only as it relates to the claims alleging false representation and fraudulent concealment of a material fact.
This case was filed after June 11, 1987; accordingly, the "substantial evidence rule" applies to the ruling on Southeast Toyota's motion for summary judgment. See Ala. Code 1975, §12-21-12. Once a movant makes a prima facie showing that there is no genuine issue of material fact, the nonmovant must show that there is "substantial evidence" in support of his position in order to withstand a motion for summary judgment. Betts v.McDonald's Corp., 567 So.2d 1252 (Ala. 1990).
Section § 6-5-101, Ala. Code 1975, states:
 "Misrepresentation of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitutes legal fraud."
Section § 6-5-102 states:
 "Suppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." *Page 397 
Southeast Toyota made a prima facie showing that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law. See Rule 56(c), A.R.Civ.P. There is nothing in the record to establish that Southeast Toyota was a party to, or had any knowledge of, the sale of the automobile. Cobb failed to rebut that prima facie showing. Cobb failed to present substantial evidence that Southeast Toyota made false representations or fraudulently concealed material facts in regard to Cobb's purchase of the automobile.
The trial court correctly granted Southeast Toyota's motion for summary judgment as to the misrepresentation and concealment claims. Because the other issues raised below have not been presented for review to this Court, the trial court's judgment as to the other causes of action is due to be affirmed. A.R.App.P. 28(a)(3); Mitchell v. Southern Guar. Ins.Co., 485 So.2d 1138 (Ala. 1986). We, therefore, affirm the judgment.
AFFIRMED.
MADDOX, ALMON, SHORES and ADAMS, JJ., concur.
[1] We recognize that the running of the statutory period of limitations is tolled until the plaintiff's discovery of the fact constituting fraud. Ala. Code 1975, § 6-2-3.