STEAGALL, Justice.
Sheila Hornbuckle sued Randall Berry, individually and doing business as Berry’s Video, stating three counts alleging malicious prosecution and false imprisonment. The trial court entered a summary judgment for Berry on all counts. Hornbuckle appeals.
On January 2, 1988, Hornbuckle rented four videotapes from Berry’s Video store in Huntsville, Alabama. Hornbuckle returned the tapes late. Berry presented these facts to the magistrate for Madison County, who issued a warrant for Horn-buckle’s arrest. On March 6, 1988, Horn-buckle was arrested on a charge of theft in the third degree. On April 19, the charge was nol-prossed. On September 15, Horn-buckle was arrested on a charge of theft in the second degree and, on December 5, that charge was nol-prossed. On March 22, 1989, Hornbuckle was arrested on a charge of theft by fraud. That charge was dismissed on February 5, 1990, for lack of a speedy trial.
Hornbuckle stated in her deposition that she had been through much stress and had incurred legal expenses as a result of her arrests and that her reputation had been damaged. She stated that she was pregnant at the time of her first arrest and that the baby was delivered early as a result of the arrest.
On appeal, Hornbuckle argues only that the trial court erred in entering a summary judgment on her claim of malicious prosecution.
This case was filed after July 11, 1987; accordingly, the “substantial evidence rule” applies to the motion for summary judgment. See § 12-21-12, Ala.Code 1975. “Once a movant makes a prima facie showing that there is no genuine issue of material fact, the nonmovant must show that there is ‘substantial evidence’ in support of his position in order to withstand a motion for summary judgment.” Cobb v. Southeast Toyota Distributors, Inc., 569 So.2d 395 (Ala.1990) (citation omitted).
In Allen v. Molton, Allen & Williams Realty Co., 495 So.2d 27 (Ala.1986), this Court stated:
“The essential elements of a cause of action for malicious prosecution are (1) a judicial proceeding initiated by the defendant; (2) the lack of probable cause; (3) malice on the part of the defendant; (4) termination of the judicial proceeding favorably to the plaintiff; and (5) damages. In order for the plaintiff to prevail, every element must be proved.”
495 So.2d at 30 (citations omitted).
Berry submitted an affidavit in which he and Kenneth Berry, a co-owner of the video store, stated that after Hornbuckle had failed to return the tapes on time, they sent notices to Hornbuckle asking her to return the tapes, and that the notices were sent by certified mail to the address Hornbuckle had provided when she rented the tapes. *1105 They also stated that when the certified mail receipts were returned with the indication that the mail was unclaimed, they sought the warrant as legal recourse for Hornbuckle’s actions and that they did so without malice. The Berrys state in their affidavit that Hornbuckle returned the tapes through the store’s night deposit box on the day after the sheriff’s department first attempted service of a warrant for her arrest. They also state that the second and third charges were not filed pursuant to their specific request or initiative, but were related to actions taken by the State.
Hornbuckle stated in her deposition that she rented the tapes just before a snowstorm and that she returned the tapes immediately after the roads had cleared following the snowstorm. Hornbuckle stated that she returned the tapes approximately one week late, and that she returned them by placing them in Berry’s night deposit box. She also stated that before returning the tapes she had telephoned Berry’s store and was told to pay a late fee, and that she left cash for the late fee inside one of the tapes. Hornbuckle stated that she never received any certified mail from Berry and received no notices from the post office. She also stated that she checks her mail every day and that no one else in her family picks up her mail.
Based on the foregoing, we find that Hornbuckle has failed to provide substantial evidence to rebut Berry’s prima facie showing that he did not initiate the action resulting in Hornbuckle’s second and third arrests. We find that Berry did initiate the action that resulted in Hornbuckle’s first arrest, and we conclude that there is sufficient evidence to submit to the jury the questions whether Berry lacked probable cause to seek the warrant for Hornbuckle’s arrest and whether he sought it with malice.
We affirm that part of the trial court’s judgment that relates to Hornbuckle’s second and third arrests; we reverse that part of the judgment that relates to Hornbuck-le’s first arrest.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED..
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.