Bruce C. Pearson sued Delchamps, Inc.; Allen Sullivan, manager of Delchamps's Chickasaw store; and Michael Catrett, assistant manager of Delchamps's Chickasaw store, alleging that the defendants had maliciously prosecuted him for theft in the third degree, criminal mischief in the third degree, and disorderly conduct. The trial court entered a summary judgment for the defendants and denied Pearson's subsequent motion to alter, amend, or vacate the summary judgment. Pearson appeals.
In January 1989, Pearson entered the Delchamps grocery store in Chickasaw. Pearson stated in his answers to defendants' interrogatories that as he was shopping he noticed that he was being followed by the store manager. Pearson stated that he and the manager exchanged hostile words over the reason he was being followed and that he thereupon returned the items he had selected for purchase to the shelves and turned to leave the store. Pearson stated that he was then confronted by the store's assistant manager, who accused him of stealing two cartons of cigarettes; Pearson denied taking any cigarettes. Pearson further stated that he was then confronted by a police officer and that he opened the front of his jacket to show that he had no cigarettes. Pearson stated that the police officer then asked him to go to the rear of the store to clear the matter up; when Pearson refused to cooperate with the officer, the officer informed Pearson that he was under arrest upon "a verbal complaint by Delchamps management." Pearson stated that he then turned to leave the store and that a physical altercation ensued. Pearson further stated that after he was restrained, the store manager went to the cigarette section of the store and returned with two cartons of cigarettes, which Pearson had allegedly stolen, and that thereafter he was taken to the rear of the store and searched.
Catrett signed warrants against Pearson for theft in the third degree, criminal mischief in the third degree, and disorderly conduct. Pearson was charged with those offenses, as well as with resisting arrest. He pleaded guilty to the charge of resisting arrest, was found guilty of criminal mischief and disorderly conduct, and was found not guilty of theft in the third degree.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for summary judgment. In order to enter a summary judgment, the *Page 1088 
trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. Howell v. Cook,576 So.2d 227 (Ala. 1991). Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present "substantial evidence" in support of his position. Cobb v. SoutheastToyota Distributors, Inc., 569 So.2d 395 (Ala. 1990).[1]
In order to succeed in a malicious prosecution case, the plaintiff must prove each of the following elements: 1) that the defendant instituted a judicial proceeding against the plaintiff; 2) that the proceeding was instituted without probable cause; 3) that it was instituted with malice; 4) that that proceeding terminated in the plaintiff's favor; and 5) that the plaintiff incurred damages as a result of the proceeding. Hornbuckle v. Berry, 575 So.2d 1103
(Ala. 1991).
Pearson argues on appeal that the defendants lacked probable cause to prosecute him. Clearly, the proceedings on the criminal mischief and disorderly conduct charges were not terminated in Pearson's favor; therefore, Pearson cannot succeed in a malicious prosecution case on those charges. We therefore confine our discussion to the issue of whether the defendants had probable cause to institute the proceedings against Pearson for theft in the third degree.
Probable cause exists when the facts before the prosecutor would lead a man of ordinary caution and prudence to believe or to entertain an honest or strong suspicion that the person arrested is guilty. Ezell v. Southland Corp.,541 So.2d 490 (Ala. 1989).
In support of their motion for summary judgment, the defendants submitted the affidavit of a Delchamps employee, Randy Woodall. That affidavit reads:
 "On Saturday, January 14, 1989, I was working near the front of the store stocking shelves. I observed a black male take two cartons of cigarettes from the cigarette shelf. He then walked away from the shelf with his back toward me, and I could see him making some motions with his arms as if he were putting the cigarettes in his jacket or pants. I then saw his empty hands fall to his sides. I alerted the assistant manager on duty, Mike Catrett, by sending another employee over to him to tell him what I had observed, and Mr. Catrett called the Chickasaw police.
 "The black male was never out of my sight. As he walked down the aisle away from me, he glanced around and saw that I was watching him. He went over behind a large display of cereal. Shortly after that, Officer Hendry of the Chickasaw police arrived. Mr. Catrett, Officer Hendry, and I approached the black male, and when Officer Hendry attempted to detain him, he tried to run from the store. He pushed Mr. Catrett over and also tried to knock down Officer Hendry. He was so violent that Catrett, Hendry, and I had to sit on him to get the handcuffs on him. Officer Hendry arrested him, and I learned at that time that his name was Bruce Pearson.
 "After Pearson was taken from the store by Officer Hendry, I went to the large cereal display where he stood after he saw me watching him, and found the two cartons of cigarettes on the shelf."
Reviewing the evidence in a light most favorable to Pearson, we conclude that Pearson has failed to present substantial evidence to rebut the defendants' prima facie showing that there is no genuine issue of material fact. Pearson's general denial of taking the cigarettes is insufficient to create an issue of fact for a jury and thereby to withstand the motion for summary judgment. See Ezell v. Southland Corp., supra. *Page 1089 
The judgment of the trial court is, therefore, affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.
[1] The present case was not pending on June 11, 1987; accordingly the "substantial evidence rule" applies to the ruling on the motion for summary judgment. See Ala. Code 1975, § 12-21-12.