James A. Dardess and Elizabeth Dardess filed separate lawsuits against Ernest N. Blasingame, Jr., and SouthTrust Bank of the Quad Cities ("SouthTrust Bank"). James alleged malicious prosecution and abuse of process; Elizabeth alleged conversion and abuse of process. The trial court entered summary judgments for Blasingame and SouthTrust Bank, and the Dardesses filed separate notices of appeal.
In a prior proceeding, SouthTrust Bank had sued James A. Dardess on a promissory note and had obtained a judgment against him; SouthTrust Bank was represented in that proceeding by attorney Blasingame. Blasingame stated in his affidavit submitted in support of the motions for summary judgment in the instant cases that, after the judgment was obtained in the prior proceeding, he filed an "execution request form" in the Colbert Circuit Court, seeking seizure of a 1985 Nissan Pulsar automobile licensed in the name of James Dardess. Rose Roper, an employee of the Colbert County Sheriff's Department, stated in an affidavit that the sheriff's office received an execution order from the Colbert County circuit clerk on March 6, 1989, and that she subsequently telephoned James Dardess's secretary and told her that the sheriff's office had a writ of execution for the automobile. Roper stated that Dardess's secretary told her that the certificate of title to the automobile was in the name of James Dardess's daughter, Elizabeth Dardess, but that James would "turn in" the automobile to the sheriff's office. Roper further stated that on March 10, 1989, James Dardess drove the automobile to the sheriff's office and delivered the keys to her. Roper stated that the automobile was impounded on March 13 and that, on March 20, she telephoned Blasingame's office and told his secretary that the automobile had been impounded, but that James Dardess was claiming that the automobile was owned by Elizabeth Dardess. Roper also stated that on March 22, 1989, the automobile was released to James Dardess's secretary after a copy of the certificate of title to the automobile was presented to the sheriff's office.
The Dardesses allege that SouthTrust Bank and Blasingame abused the process of the court so as to wrongfully seize the automobile owned by Elizabeth Dardess; they argue that SouthTrust Bank and Blasingame did not properly support their summary judgment motion.
Summary judgment is appropriate only where the moving party has made a prima facie showing that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.; RNH, Inc. v. Beatty,571 So.2d 1039 (Ala. 1990). Once a moving party makes this prima facie showing, the burden shifts to the nonmoving party to present substantial evidence in support of his position in order to defeat the summary judgment motion. Betts v.McDonald's *Page 10 Corp., 567 So.2d 1252 (Ala. 1990).[1] In determining the propriety of summary judgment in these cases, we must test the elements of each cause of action against the materials before the trial court, to determine whether any genuine issue of material fact exists. Higgins v. Wal-Mart Stores, Inc., 512 So.2d 766 (Ala. 1987).
To recover on an action for malicious prosecution, the plaintiff must prove the following elements: 1) the institution of a judicial proceeding by the defendant; 2) lack of probable cause; 3) malice in instituting the proceeding; 4) termination of the proceeding in the plaintiff's favor; and 5) injury or damage to the plaintiff as a result of the proceeding.Hornbuckle v. Berry, 575 So.2d 1103 (Ala. 1991).
The elements of an action for abuse of process are: 1) malice; 2) the existence of an ulterior purpose; 3) an act in the use of process not proper in the regular prosecution of the proceedings; and 4) lack of probable cause. Caine v. AmericanLife Assur. Corp., 554 So.2d 962 (Ala. 1989).
To maintain an action for conversion, the plaintiff must prove "that the defendant converted specific personal property to his own use and beneficial enjoyment, or that the defendant destroyed or exercised dominion over property to which, at the time of the [alleged] conversion, the plaintiff had a general or specific title and of which the plaintiff was in actual possession or to which he was entitled to immediate possession." Wilder v. Charles Bell Pontiac-Buick,Cadillac-GMC, Inc., 565 So.2d 205, 206 (Ala. 1990).
During the pendency of the suit on the promissory note by SouthTrust Bank against James Dardess, the title to the 1985 Nissan Pulsar automobile was transferred from James Dardess to Elizabeth Dardess. In his affidavit, Blasingame stated that after the judgment was entered against Dardess he went to the office of the Colbert County judge of probate to review the alphabetized computer printout of the names of purchasers of automobile license plates in Colbert County. He stated that the computer printout listed the 1985 Nissan automobile as licensed in the name of James Dardess and that there were no other documents indicating that any other person had purchased a tag for the automobile. Blasingame further stated that he had the execution issued under the belief that James Dardess had an ownership interest or claim to the automobile. Based on this evidence and the evidence that James Dardess drove the automobile to the sheriff's office and delivered the keys to Rose Roper, we conclude that SouthTrust Bank and Blasingame have made a prima facie showing that the elements of the plaintiffs' causes of action against them were not present.
In response to the motions for summary judgment, the Dardesses submitted the affidavits of several attorneys who stated that Blasingame should not have relied on the records in the office of the Colbert County probate judge to establish ownership. This evidence, however, is insufficient to create a genuine issue of material fact in these cases.
The trial court correctly entered the summary judgments for SouthTrust Bank and Blasingame.
AFFIRMED.
HORNSBY, C.J., and ADAMS, KENNEDY and INGRAM, JJ., concur.
[1]1. This case was filed after June 11, 1987. Accordingly, the "substantial evidence rule" applies to the ruling on the motion for summary judgment. Ala. Code 1975, § 12-21-12.