ALMON, Justice.
The defendants appeal separately from a judgment on a jury verdict awarding the plaintiff $1,025,000 in a malicious prosecution action. Tom Beaty was prosecuted for, and found not guilty of, assault in the third degree. He then filed the action against Larry Lilly and Lilly’s employer, Ford New Holland, Inc. The prosecution of Beaty arose from an incident in which Beaty kicked Lilly in the seat of the pants and a fight ensued. The dispositive question is whether Lilly had probable cause as a matter of law to report the incident to the law enforcement authorities for prosecution.
With all inferences taken in favor of Beaty, a review of the record reveals the following:
Lilly was the representative of Ford New Holland, Inc., to the Beaty family’s tractor dealership. Lilly and the Beatys experienced considerable difficulties in their business relationship, and animosity developed between them. On February 6, 1989, Lilly went to the dealership. Lilly waited while Tom Beaty, Sr. (“Beaty, Sr.”), finished speaking with a customer.
After Beaty, Sr. finished speaking with the customer, Lilly approached and demanded a copy of a letter that Beaty, Sr. had sent to his customers indicating that he might have to resign his Ford New Holland dealership and that tractor and equipment parts would be unavailable to Beaty’s customers. Beaty, Sr. refused to give Lilly a copy and said that he had changed his mind about resigning his dealership. Beaty, Sr. ordered Lilly to leave and not to return and began to move toward the end of the sales counter. Lilly turned to leave and told Beaty, Sr. that he might not have to return. On his way to the exit, Tom Beaty, Jr. (“Beaty, Jr.”) approached Lilly from behind and kicked Lilly in the rear. The testimony describing the degree of force applied by the kick is in conflict. Beaty, Jr. said the kick was a gesture and carried very little force. Lilly says that the kick was hard and caused pain.
After the kick, a fight began. The testimony describing the fight is also in conflict. Beaty, Jr. says that after he kicked Lilly, he retreated and Lilly attacked him. Lilly says that after the kick Beaty, Jr.’s attack continued. During the fight Lilly received several injuries, including a cut on his ear and an abrasion on his nose. Beaty, Sr. stopped the fight and removed Lilly from the dealership. According to the Bea-tys, Lilly’s injuries resulted from his attack on Beaty, not from the initial kick.
Lilly left the dealership and went to the police station to report the incident. He told the police chief that he had been assaulted. The police chief photographed his injuries, escorted him to the clerk’s office of the Barbour County Circuit Court, and told the circuit clerk that an assault warrant was needed. Lilly repeated his version of the facts to the circuit clerk and signed an affidavit for an arrest warrant against Beaty. The affidavit stated: “Tom Beaty ... on or about February 6, 1989, did, with intent to cause physical injury to *1200 another person, cause physical injury to Lilly by kicking him and throwing him against the door and the floor....” The warrant and affidavit follow the language of Ala.Code 1975, § 13A-6-22(a)(l), stating that “A person commits the crime of assault in the third degree if ... [w]ith intent to cause physical injury to another person, he causes physical injury to any person.” The clerk testified that he selected this offense based on Lilly’s report of the altercation.
On March 29, 1989, the judge for the District Court of Barbour County found Beaty not guilty of third degree assault. The circuit clerk testified as follows during the civil trial on the resulting malicious prosecution claim:
“Q. Isn’t that what [the district judge] announced from the bench that day?
“A. [The judge] said that it looked like — more like harassment.
“Q. But he couldn’t find him guilty of harassment because of that Supreme Court case that says you can’t do it; isn’t that right?
“A. I think that is right.”
Ala.Code 1975, § 13A-ll-8(a), states: “A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, he: (a) Strikes, shoves, kicks or otherwise touches a person or subjects him to physical contact.”
The Criminal Code made significant changes from the common law crime of assault; for example, the Code crime of “harassment” is part of common law assault. These facts are discussed in the commentaries to Ala.Code 1975, §§ 13A-6-22 and 13A-11-8:
“This article on assaults changes the Alabama law contained in former §§ 13-1-40 through 13-1-51 and as applied by the cases. The Alabama statutes did not define an assault, and the cases have adopted the common law definition that an assault is an attempt or offer with force or violence to do a corporal hurt to another. Johnson v. State, 35 Ala. 363 (1860); Tarver v. State, 43 Ala. 354 (1869); McGee v. State, 4 Ala.App. 54, 58 So. 1008 (1912). A recent case, Bryant v. State, 49 Ala.App. 359, 272 So.2d 286 (1972), in defining assault cites the language in Johnson v. State, supra, that ‘An assault is an attempt or offer, to do another person violence, without actually accomplishing it. A menace is not an assault; neither is a conditional offer of violence. There must be a present intention to strike.’ In Bryant, the court also quoted language from Flournoy v. State, 40 Ala.App. 629, 120 So.2d 121 (1960), that ‘An assault is any attempt or offer, with force or violence, to do a corporal hurt to another, whether from malice or wantonness, with such circumstances as denote, at any time, an intention to do it, coupled with present ability to carry such intention into effect.’
“When physical contact is established, the offense becomes assault and battery. Mere touching of another in rudeness or anger is assault and battery. Jacobi v. State, 133 Ala. 1, 32 So. 158 (1902). Every assault and battery includes an assault. Ibid. While malice is not an element of the offense, Moore v. State, 154 Ala. 48, 45 So. 656 (1908), an intent to injure is an essential element, McGee v. State, supra.
“Simple assaults were punished by a fine of not more than $500.00, and/or imprisonment for 6 months at hard labor for the county. Former § 13-1-40.
[[Image here]]
“The Criminal Code provides four significant conceptual changes from former law.
“(1) It limits assault to the actual infliction of some physical injury. Physical injury is defined in § 13A-l-2(8) to mean the impairment of physical condition or the infliction of substantial pain. Therefore, a mere touching would not constitute an assault, but would fall under the crime of harassment, § 13A-11-8, viz.:
“ ‘A person is guilty of harassment if, with intent to harass, annoy or alarm another person, he strikes, shoves, kicks or otherwise touches a person or subjects him to physical contact.’ ”
Commentary, Ala.Code 1975, § 13A-6-22.
“The Criminal Code is designed to cover additional conduct intentionally done *1201 to harm, annoy or alarm another. Alabama statutes on assault and battery, former §§ 13-1-40 through 13-1-50, made any nonconsented touching an assault and battery. Seigel v. Long, 169 Ala. 79, 53 So. 753 (1910) (defendant placed his hand on plaintiff’s forehead and pushed his hat back for the purpose of seeing his face and identifying him). Under Article 2 of Chapter 6 of this Criminal Code there is no assault until there is physical injury defined as ‘impairment of physical condition or substantial pain.’ Accordingly, a mere physical touching does not fall within the assault provisions, unless an intent to inflict physical injury is proven.
“Section 13A-11-8 is intended to cover any unconsented-to physical touching that does not physically injure, provided it is intentionally done to harass, annoy or alarm another person. Thus, the section supplements the provisions of assault.”
Commentary, Ala.Code 1975, § 13A-11-8. Our research has not disclosed a case holding that harassment is not a lesser included offense of assault in the third degree, as the question to the circuit clerk implied.
During the trial of the present case, Beaty, Jr. admitted to conduct that would support a conviction for harassment under the present Criminal Code. That same conduct would constitute the crime of assault under the common law definition of assault.
After Beaty presented his evidence of malicious prosecution, and again at the close of all the evidence, Lilly and Ford New Holland moved for directed verdicts. Lilly and Ford New Holland argued that the undisputed evidence of Beaty, Jr.’s kick required a holding that, as a matter of law, Lilly had probable cause to report that a crime had been committed against him. Beaty, Jr. argued that Lilly had lied to the circuit court clerk and that Lilly’s lies resulted in Beaty, Jr.’s prosecution for third degree assault.
The decisive issue on this appeal concerns the legal sufficiency of Beaty, Jr.’s evidence of malicious prosecution, and, in particular, of the element of lack of probable cause. The defendants argue that the trial judge erred in denying their motions for directed verdict and their subsequent motions for JNOV. Specifically, they argue that Beaty did not present competent evidence that Lilly lacked probable cause when he instituted criminal proceedings against Beaty. In support of this argument, the defendants point to the undisputed fact that Beaty, Jr. caused his foot to contact Lilly’s buttocks. The defendants contend that this contact was a crime and that, therefore, as a matter of law, Lilly had probable cause to bring criminal charges against Beaty, Jr.
The elements of malicious prosecution are:
“1) institution of a judicial proceeding; (2) by the defendant; 3) without probable cause; 4) termination of the proceeding in plaintiff’s favor; 5) malice on the defendant’s part; and 6) injury or damage to the plaintiff as a result of the action.”
Ezell v. Southland Corp., 541 So.2d 490, 491 (Ala.1989).
With regard to malicious prosecution actions, this Court has stated:
“ ‘Malicious prosecution is an action disfavored in the law.’ Cutts v. American United Life Insurance Co., 505 So.2d 1211, 1212 (Ala.1987). The reason for such disfavor is clear: ‘[Pjublic policy requires that all persons shall resort freely to the courts for redress of wrongs and to enforce their rights, and that this may be done without the peril of a suit for damages in the event of an unfavorable judgment by jury or judge.’ Boothby Realty Co. v. Haygood, 269 Ala. 549, 554, 114 So.2d 555, 559 (1959).”
Eidson v. Olin Corp., 527 So.2d 1283, 1284 (Ala.1988). This Court has also stated:
“Between the evident policy of the law to bring the guilty to justice, which is usually begun by steps taken by the citizen, and, on the other hand, the right of the other citizen to be free from the accusation of crime without probable cause therefor, the law must hold an even hand, never so exaggerating the latter protective right as to render the *1202 exercise of the means afforded for the detection and punishment of crime against the state an act of peril and penalty to the citizen who, in good faith and with probable cause therefor, starts the machinery of the penal law against the accused. Neither right nor policy, of the two mentioned, is superior in the eyes of the law. Ignoring one is as grave in consequence as ignoring the other. Both must be fairly considered, when occasion arises, to determine such issues as are here presented.”
Gulf States Paper Corp. v. Hawkins, 444 So.2d 381, 388-89 (Ala.1983) (quoting Gulsby v. Louisville & N.R.R., 167 Ala. 122, 130, 52 So. 392, 395 (1910) (emphasis in Gulsby). In Gulf States Paper Corp. v. Hawkins, 444 So.2d 381 (Ala.1983), this Court concluded that “the question becomes one of whether or not the [prosecutor] acted in good faith on the appearance of things [and not whether the accused was guilty of the crime charged]. See Birwood [Paper Co.] v. Damsky, 285 Ala. [127,] 135, 229 So.2d [514,] 521 [ (1969) ].” Id. at 389. In Ezell, supra, this Court stated:
“ ‘The question in an action for malicious prosecution arising from a criminal charge is whether the defendant, at the time he or she instituted the prosecution, had probable cause to believe that the accused was guilty.’ S.S. Kresge Co. [v. Ruby, 348 So.2d 484, 488 (Ala.1977)] (citations omitted). Probable cause is defined as ‘ “such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest or strong suspicion that the person arrested is guilty.” Hanson v. Couch, 360 So.2d 942, 947 (Ala.1978).’ Kitchens v. Winn-Dixie of Montgomery, Inc., 456 So.2d 45, 47 (Ala.1984).”
Ezell, 541 So.2d at 491.
“Because malicious prosecution actions are not favored in the law (Cutts v. American United Life Insurance Co. [505 So.2d 1211 (Ala.1987]), at the trial of the malicious prosecution action [the malicious prosecution plaintiff has] a strict burden of proving a negative — i.e., the complete absence of ... probable cause for [the malicious prosecution defendant] to bring the [underlying judicial proceedings against the malicious prosecution plaintiff].”
Eidson, supra, 527 So.2d at 1285 (citation omitted). In Eidson, this Court also stated: “If there are any undisputed facts of record establishing that [the malicious prosecution defendant] had probable cause to bring the former action [the criminal action] against [the malicious prosecution plaintiff] then [the malicious prosecution plaintiff] cannot recover for malicious prosecution and summary judgment is appropriate.” Id. The Eidson opinion also includes this Court’s statement of the test for determining the appropriateness of a summary judgment for the malicious prosecution defendant:
“The test that this Court must apply when reviewing the lack-of-probable-cause element in a malicious prosecution case in which summary judgment has been granted to a defendant is as follows: Can one or more undisputed facts be found in the record below establishing that the defendant acted in good faith on the appearance of things as they existed when suit was filed, based upon direct evidence, or upon circumstantial evidence and inferences that can reasonably be drawn therefrom? If so, then summary judgment in favor of the defendant on plaintiff’s malicious prosecution count would be appropriate.”
Although Eidson involved this Court’s review of a summary judgment, the standard of review for a directed verdict motion is the same. Bazzel v. Pine Plaza Joint Venture, 491 So.2d 910 (Ala.1986).
In the present case, the undisputed evidence shows that the business relationship between Lilly and the Beatys was strained. The undisputed evidence also shows that Beaty, Jr. approached Lilly from behind and kicked him. This occurred as Lilly was attempting to exit the Beatys’ dealership. Regardless of the disputed facts of the subsequent fight, this conduct would support a conviction of harassment, as discussed above.
The determination of whether the initiator of an affray had an intent to injure or *1203-1205 only an intent to harass, annoy, or alarm is a fine distinction. It is too fine a distinction on which to base a finding that Lilly lacked probable cause to report the events in the manner that he did or to persist in the prosecution. Similarly, the factual dispute over whether Lilly’s injuries resulted from an assault by Beaty, Jr. or from an escalation of the scuffle by Lilly would not support a finding that Lilly lacked probable cause to report his injuries as being a result of Beaty, Jr.’s unlawful use of physical force. Even if Beaty, Jr.’s kick did not directly cause Lilly’s injuries, it indirectly caused them, because they were a foreseeable result of his breach of the peace.
Considering the law’s disfavor of malicious prosecution actions, the flexible concept of probable cause, and the strict burden on the malicious prosecution plaintiff to prove lack of probable cause, this Court must reverse the trial judge’s denial of the defendants’ motions for JNOV. Affirmance of this judgment would tend to cause a chilling effect on every citizen’s right and responsibility to resort to law enforcement agencies for redress for breaches of the peace or to a civil action for reparation for injuries. Every criminal defendant who was found not guilty because of a razor-thin distinction between an incorrect criminal charge selected by an authority issuing a warrant and the correct criminal charge could recover from the person who reported his or her version of the facts to the law enforcement agencies.
Based on the law as applied to the undisputed facts, this Court is required to reverse the trial court’s judgment and render a judgment for the defendants, Larry Lilly and Ford New Holland.
REVERSED AND JUDGMENT RENDERED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, STEAGALL * and INGRAM, JJ., concur.