PER CURIAM.
The plaintiff, Eugene Robinson, appeals from a summary judgment in favor of the defendant, Melvin Troy McPherson. The issue is whether Robinson presented substantial evidence of malicious prosecution.
In October 1989, Robinson purchased a marina in Fort Morgan, Alabama, located next to McPherson’s property. Robinson and McPherson were involved in several altercations prior to Robinson’s arrest for reckless endangerment, and the sheriff’s department had been involved on several occasions. Allegedly, McPherson reported Robinson to the building inspector for building code violations at the marina. McPherson had tapped into Robinson’s water supply pipeline at the marina, and Robinson had subsequently turned off the water supply. Robinson testified against McPherson in an eviction proceeding brought by another of McPherson’s neighbors.
The facts are in dispute as to what happened on August 5, 1990, when Robinson was arrested. According to Robinson, he saw McPherson on the edge of Robinson’s property with pipe that was lying on the ground; Robinson approached McPherson, and McPherson went to his trailer and came back to where Robinson was standing; McPherson had a club in his hand and began to walk toward Robinson; Robinson pulled an unloaded gun from his back pocket, pointed the gun at McPherson, and cocked the gun. However, according to McPherson, he was on his own property when Robinson approached him and asked him what he was doing, and, he said, Robinson then pulled a gun on McPherson and McPherson picked up a baseball bat.
McPherson reported the incident to the sheriff's department and signed a complaint against Robinson charging him with reckless endangerment, pursuant to § 13A-6-24, Ala.Code 1975. Section 13A-6-24 provides that “a person commits the crime of reckless endangerment if he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.” Robinson moved for a directed verdict after the State presented its evidence. The trial court denied the motion. After all the evidence was presented at trial, the trial court granted Robinson’s motion for a judgment of acquittal, holding that the prosecution had failed to prove that Robinson’s gun was loaded. Because the State failed to prove that the gun was loaded, Robinson could *354 not be guilty of engaging in reckless conduct that created “a substantial risk of serious injury to another” as provided in § 13A-6-24.
Robinson sued McPherson, alleging malicious prosecution. The court entered a summary judgment for McPherson.
A summary judgment is appropriate when the moving party shows “that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the non-moving party must rebut that showing by presenting substantial evidence creating a genuine issue of material fact. Betts v. McDonald’s Corp., 567 So.2d 1252 (Ala.1990).
In order to determine whether the summary judgment was proper, this Court must test the elements of the cause of action against the evidence before the trial court to determine whether any genuine issue of material fact existed. Dardess v. Blasingame, 585 So.2d 8 (Ala.1991).
The elements of a cause of action for malicious prosecution are: (1) a prior judicial proceeding; (2) instigated by the present defendant; (3) want of probable cause; (4) malice; (5) the termination of the judicial proceeding favorably to the present plaintiff; and (6) damages.
Pearson v. Delchamps, Inc., 578 So.2d 1086 (Ala.1991).
The mere fact that the plaintiff in a malicious prosecution action arising from a criminal charge was acquitted of the charge does not prove that there was no probable cause to believe him guilty at the time the warrant was issued. S.S. Kresge Co. v. Ruby, 348 So.2d 484 (Ala.1977).
It is undisputed that the judicial proceeding was instigated by McPherson and that the trial court granted Robinson’s motion for acquittal. Because malice may be inferred from a lack of probable cause, Kitchens v. Winn-Dixie Montgomery, Inc., 456 So.2d 45 (Ala.1984), the question with regard to the appropriateness of the summary judgment is whether McPherson had probable cause to bring a charge of reckless endangerment.
“Probable cause exists when the facts before the prosecutor would lead a man of ordinary caution and prudence to believe or to entertain an honest or strong suspicion that the person arrested is guilty.” Pearson, 578 So.2d at 1088.
After reading the record and viewing the evidence in a light most favorable to Robinson, we cannot say that he has presented substantial evidence to rebut McPherson’s prima facie showing that there is no genuine issue of material fact. Robinson did point a gun at McPherson and did cock the gun. He and McPherson had had several altercations in the past. There was probable cause to charge Robinson with reckless endangerment, even though the State failed to prove that Robinson’s gun was loaded and even though Robinson was later acquitted. Therefore, we affirm the summary judgment in favor of McPherson.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.