Jesse Andrew Lindsey, a minor, by and through his mother and next friend, Audrey Lindsey Hodges, sued Camelot Music, Inc. (hereinafter "Camelot"), and its agents and employees R. Wade Rigdon and Brian Gregory on claims of wrongful arrest, false imprisonment, and malicious prosecution for shoplifting. The trial court entered a summary judgment for Camelot, and Lindsey appeals.
A summary judgment is proper where there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.; Howell v.Cook, 576 So.2d 227 (Ala. 1991). Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Cobb v. SoutheastToyota Distributors, Inc., 569 So.2d 395 (Ala. 1990). "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the *Page 315 
exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co., 547 So.2d 870, 871 (Ala. 1989); Cobb.
The record in this case reveals the following: Lindsey accompanied a friend, Neil Merian, into the Camelot Music store at Bel Air Mall in Huntsville, Alabama, on February 16, 1991. The store manager, Wade Rigdon, noticed them when they came in and monitored them during the approximately 20 minutes they remained on the premises. The boys browsed in the back of the store and then moved to the front, where they stopped at a rack of cassette tapes. Lindsey was standing in a position that blocked Rigdon's view of Merian. The boys then left the store, and Rigdon followed them through the mall. At the mall concourse, Rigdon and a Bel Air mall security guard, Al Mabry, stopped the boys and asked Merian to empty his pockets. While Merian was doing so, Mabry and Rigdon heard the sound of plastic rattling in Merian's jacket pocket. The men discovered one stolen cassette tape in his pocket and later found a second tape. Lindsey had not taken any tapes; however, Rigdon stated that he believed Lindsey tried to shield Merian and block Rigdon's view of him while he was taking the tapes. Lindsey was therefore arrested along with Merian, for aiding and abetting the theft. The charge of aiding and abetting was later dropped, and Lindsey filed this action.
Under Ala. Code 1975, § 13A-2-23, a person is legally accountable for the behavior of another constituting a criminal offense if, with intent to promote or assist the commission of the offense, 1) he procures, induces, or causes the other person to commit the offense; 2) he aids or abets the other person in committing the offense; or 3) having a legal duty to prevent the commission of the offense, he fails to make an effort he is legally required to make. Camelot based its summary judgment motion on its argument that there was probable cause to detain, arrest, and prosecute Lindsey for aiding and abetting Merian's theft.
Lindsey concedes that in regard to a malicious prosecution claim the question whether there was probable cause is a question of law for the trial court; however, he points out that in regard to a claim of false imprisonment probable cause is a jury issue. Frison v. Delchamps Store No. 11,507 So.2d 478 (Ala. 1987). "False imprisonment" is defined as "the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty." Ala. Code 1975, § 6-5-170. Lindsey argues that there is a genuine issue of material fact as to whether Rigdon had probable cause to believe that he aided and abetted Merian's theft and to detain him.
At the hearing on the motion for summary judgment, Camelot presented deposition testimony from Rigdon, who stated that Lindsey and Merian were together the entire time they were in the music store and that he had had a very clear view of Merian when the boys moved from the back to the front of the store. Rigdon stated that Lindsey then moved behind Merian and blocked his view of Merian while Merian crouched down and concealed the tapes he had in his hand. Rigdon testified that Lindsey was looking directly at Merian as he crouched down. Camelot also presented the testimony of Mabry, who stated that when he stopped the boys at the mall concourse and heard the rattle of plastic in Merian's jacket pocket, Lindsey told Merian to "give them the tape."
To rebut this evidence, Lindsey offered his own testimony denying that he shielded Merian or saw him take the tapes. Lindsey also presented testimony from security guard Mabry, who stated that Lindsey, while being detained at the mall concourse, told him that he did not know that Merian had taken the tapes.
Probable cause is "such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest or strong suspicion that the person arrested is guilty." Ezell v.Southland Corp., 541 So.2d 490 (Ala. 1989). The record shows that Camelot made a prima facie showing that Rigdon had probable cause to believe that Lindsey complied with Merian's theft and, in rebuttal, Lindsey offered only evidence of his own denials of guilt. It is well settled that a general denial *Page 316 
of guilt does not create a jury question on the issue of probable cause. Pearson v. Delchamps, Inc., 578 So.2d 1086
(Ala. 1991). Because Lindsey failed to meet his burden of proof, the trial court properly entered the summary judgment for Camelot.
The judgment is therefore affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES and ADAMS, JJ., concur.